**CITY OF HOUSTON, Appellant,**

v.

**Arthur SIMON, Appellee.**

**No. B1988.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 25, 1979.

Robert M. Collie, Jr., City Atty., David Lee Crawford, Asst. City Atty., Houston, for appellant.

Fred M. Bosse, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and COULSON and CIRE, JJ.

COULSON, Justice.

Appellant, City of Houston, defendant below, appeals from an adverse judgment in a suit for damages based upon appellant's negligence. Appellant contends that the occurrence of jury misconduct in the case requires reversal. We affirm.

This suit was brought by appellee Arthur Simon to recover personal injury and property damages resulting from a motorcycle accident. His claim was based upon the alleged negligence of the appellant in allowing mud and debris from an operation to repair an underground water pipe to remain on the public street after the work had been completed. Trial was to the jury which found that the deposit of mud was caused by the City of Houston, that such action by the City was negligence, and that such negligence was the proximate cause of the occurrence in question. Judgment was entered for appellee on the jury verdict in the amount of $1,035.00.

After the jury's verdict had been received by the judge and the jury had been dismissed the bailiff of the court went to the jury deliberation room to gather the exhibits. He discovered that a copy of the court's charge with several handwritten notations on it was present in the jury room. The bailiff brought this to the attention of the court and it was determined that the copy of the charge belonged to appellee's attorney. He had made the notations thereon for the purpose of aiding him in his argument to the jury. Appellant made a "Motion for Declaration of Mistrial" based upon jury misconduct. After a hearing the trial court denied appellant's motion and this appeal followed.

■ " 'Misconduct of the jury' is a legal phrase meaning an unlawful or unauthorized act done by the jury or any of its members in connection with the trial. . . It does not necessarily imply an evil or corrupt motive on the part of the jury or the prevailing party." *Sidran v. Western Textile Products Co.*, 258 S.W.2d 830, 832 (Tex.Civ.App.—Dallas) reversed on other grounds, 153 Tex. 21, 262 S.W.2d 942 (1954). The act said to constitute misconduct in this case is the presence in the jury room of appellee's attorney's copy of the charge with notations thereon, in violation of Rule 281, Tex.R.Civ.P. Rule 281 is designated "Papers Taken to Jury Room", and provides:

The jury may take with them in their retirement the charges and instructions, general or special, which were given and read to them, and any written evidence, except the depositions of witnesses, but shall not take with them any special charges which have been refused. Where part only of a paper has been read in evidence, the jury shall not take the same with them, unless the part so read to them is detached from that which was excluded.

In fairness to the parties we note that there is no indication that there was any intentional wrongdoing on the part of anyone connected with this trial. Apparently the extra copy of the charge was inadvertently taken into the jury deliberation room along with the other exhibits. We would point out, however, that it is the responsibility of the attorneys for *all* parties, as well as of the judge and bailiff, to check the materials to be sent to the jury room. Had this practice been followed here, the occurrence which led to this appeal might well have been prevented, which would have saved time and expense for all parties involved.

■ Rule 327, Tex.R.Civ.P., sets out the standard for the granting of a new trial when jury misconduct is alleged as a basis therefor:

Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, or that a juror gave an erroneous or incorrect answer on voir dire examination, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, or the erroneous or incorrect answer on voir dire examination, be material, and if it reasonably appears from

the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party. The rule places upon the party seeking new trial because of jury misconduct the burden of establishing, to the satisfaction of the court, that the misconduct occurred, that it was material, and that it reasonably appears from the record as a whole "that injury probably resulted" to him. *St. Louis Southwestern Railway Company v. Gregory*, 387 S.W.2d 27, 31 (Tex.Sup.1965). Appellant contends however that the act of misconduct here belongs in that class of jury misconduct which is "so highly prejudicial and inimical to fairness of trial that the burden of going forward with proof of harm is met, prima facie at least, by simply showing the improper act and nothing more," citing *Texas Employers' Insurance Association v. McCaslin*, 159 Tex. 273, 317 S.W.2d 916, 921 (1958). We do not agree. The misconduct in the *McCaslin* case consisted of the plaintiff's visiting a juror at work during the trial, engaging that juror in conversation, and saying "Be sure and do all you can to help me," or something of a similar nature. The supreme court found that the purpose of the plaintiff's visit was to influence the action of a juror in the case. This in effect amounts to jury tampering and is clearly a type of misconduct "in which the burden of proving probable injury is discharged, prima facie, by mere proof of the overt act itself." *St. Louis Southwestern Railway Company v. Gregory, supra*, at 31. We find that the mere

presence in the jury room of a copy of the charge with one party's attorney's memoranda upon it is not an act of misconduct within that class of acts so inherently prejudicial that harm to the complaining party may be presumed merely from the occurrence of the act itself. Having found that mere proof of the act of misconduct does not establish that the trial was materially unfair to appellant, we examine the record to determine whether appellant has discharged its burden of showing that probable injury to appellant resulted from the misconduct.

The copy of the charge in question contains notations on only some of the special issues. These notations are very brief and several are all but illegible. There are notations on five of the ten special issues which relate to liability and these notes refer only to portions of evidence in a very shorthand manner. There are figures written on each of the four issues relating to damages. With one exception[1] the jury's answers to the damages special issues differed significantly from the amounts written thereon by appellee's attorney. For example, the jury did not award any damages for physical pain and mental anguish, although the notation on that page reads "1 M" or "1000". The net effect of the jury's answers to the special issues on damages was to award appellee $1150.00[2] rather than the $2800.00 which would have resulted from following the notations contained on the documents.

1. Special issue number six inquired as to the reasonable cost to repair the motorcycle to its condition prior to the accident. The jury's answer was ONE THOUSAND THREE HUNDRED TWENTY–EIGHT AND 28/100 and the notation upon the copy of that special issue was $1,328.65. The only testimony as to the cost of repairs was from the plaintiff's father, who owned and ran a motorcycle shop. His testimony was that the cost to repair would be $1,328.65. Thus the only testimony on this element of damages exactly matched the notation and was within several cents of the jury's answer, and we cannot find that probable harm resulted. Furthermore the answer to this special issue did not enter into the court's award which was based upon the before and after

market value rather than on the cost of repair. See note 2, *infra*.

2. The award of damages was reduced by ten percent, to $1035.00, because the jury found in its answers to special issue fourteen that the plaintiff's negligence was 10% of the total, although they had found the plaintiff not to be negligent in prior special issues. Appellee has not raised this error in a cross-point and that question is therefore not before us. The final award results from the difference between the jury's finding of the market value of the motorcycle immediately before the accident, of $1900.00, and the value it found immediately after the accident of $750.00, minus the 10%.

Appellant relies on the case of *Sidran v. Western Textile Products Co., supra.* In *Sidran* the jurors took with them into the deliberation room a carbon copy of the court's charge belonging to the defendant's attorney. The attorney had made notes on this copy for use in his argument. He had also filled in all the blanks where the jury was to answer with answers to the special issues as the defendant wanted them to be found. The jury discovered and examined this document during their deliberation, there was some discussion about it, it was determined that the document was not properly before them, and it was handed out to the bailiff. The court found that this instance of jury misconduct probably caused harm to the plaintiff, especially in combination with two other acts of jury misconduct which had also taken place. The court of civil appeals indicated that important considerations in determining whether or not injury probably resulted to the plaintiff included whether the document had been seen by more than one juror, or read by any of them, or whether it had been the subject of comment and consideration by the jurors.

The facts in *Sidran* are distinguishable from the present case. Here there were mere fragmentary notes on only some of the special issues and *none* of the answer blanks was filled in with an indication of how the jury was to answer. Furthermore the testimony of the one juror who testified at the hearing on appellant's motion for declaratory of a mistrial indicates that she saw only some and not all of the pages which contained notations. She stated that the copy had been looked at by other jurors, but she did not say whether any of the other jurors had seen those pages which contained writing. There was apparently no discussion among the jurors as to the copy or the notes thereon. This juror was not a member of the majority in the ten-two verdict. There is no affirmative evidence that any member of the jury who voted with the majority actually saw any of the handwritten notations. In view of our discussion above, we do not find that appellant has sustained its burden of showing that it reasonably appears from the record that injury probably resulted to it from the act claimed to constitute jury misconduct. Accordingly we affirm the action of the trial court in refusing to grant a new trial.