The **VANGUARD INSURANCE COMPANY, Appellant,**

v.

**Ronald O. McWILLIAMS, et al., Appellees.**

No. 13960.

Court of Appeals of Texas, Austin.

Oct. 24, 1984.

Rehearing Denied Nov. 21, 1984.

Tom Whiteside, Griffis, Griffis, Whiteside & Woodward, San Angelo, for appellant.

Charles Whittenburg, Davis, Wardlaw, Hay, Whittenburg & Aboussie, San Angelo, for appellees.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

GAMMAGE, Justice.

Vanguard Insurance Company appeals from the judgment of the trial court awarding damages and attorneys' fees to Ronald O. and Clarice McWilliams for breach of an insurance contract. We will reform the judgment and, as reformed, affirm.

Vanguard insured the McWilliams against hull damage to their airplane, with a policy limit of $30,000. The plane subsequently received extensive superficial hail damage. After protracted negotiations failed to produce a settlement, the McWilliams filed this action.

In a bench trial, the court found that the plane had a post-occurrence value of $22,500, and that the reasonable cost to restore the plane to its prior condition was $17,748. The trial court further found that, despite the damage, the plane was still capable of safe flight and was fully usable for its originally intended purpose. The trial court, therefore, found the loss was partial.

In its multifarious first point of error, Vanguard contends the trial court erred in finding that the loss was partial, arguing that it was a "constructive total loss" pursuant to the following language in the insuring agreement:

In the event of total loss or constructive total loss, the Company's Limit of Liability shall not exceed the applicable Limit of Liability stated in the DECLARATIONS, less deductible, if applicable. A constructive total loss shall exist when the cost of repairs plus the amount determined as *salvage* equals or exceeds the

Limit of Liability of the aircraft as indicated in Item 4 of the DECLARATIONS—COVERAGE X or Y. (emphasis added)

Vanguard asserts that the post-occurrence value ($22,500) is "salvage" value, and that this amount plus the cost to repair ($17,748) exceeds its $30,000 limit of liability under the policy, constituting a "constructive total loss."

The insuring agreement does not define "salvage." The trial court held, in its conclusion of law number 2:

"Salvage" in this case means a state of damage or disrepair such that the airplane is rendered unsuitable for its originally intended use, in the absence of major alteration or repair and is in such condition that it is usable only for scrap value or secondary purposes.

The term "salvage" as used in this policy is subject to multiple interpretations. Vanguard cites no Texas authority construing this term, and we find none. It is well settled that an ambiguous term in an insurance policy will be construed to provide coverage. *Glover v. National Insurance Underwriters,* 545 S.W.2d 755 (Tex.1977). Exceptions and rules of limitation within insurance contracts are to be strictly construed against the insurer. *Continental Casualty Co. v. Warren,* 152 Tex. 164, 254 S.W.2d 762 (1953). We hold the trial court did not err in its construction of this term.

■ The amount found by the trial court to be the reasonable cost to restore the plane included the cost to repaint the entire airplane. Vanguard argues that this expense was not reasonably necessary to restore the plane. We are urged to apply the standard prescribed in *Glen Falls Insurance Co. v. Peters,* 386 S.W.2d 529 (Tex.1965), *i.e.,* whether a reasonably prudent uninsured person would have the questioned repair made. The record discloses that two expert witnesses disagreed concerning the necessity or desirability of repainting the plane, and Ronald McWilliams testified he would have the plane repainted even if he was uninsured. The trial court found that the expense was rea-

sonably necessary, and we must resolve every doubt in favor of the trial court's finding of fact. *Chitsey v. Pat Winston Interior Design, Inc.,* 558 S.W.2d 579 (Tex. Civ.App.1977, no writ). We hold that the trial court did not err in finding that the repainting of the entire plane was reasonably necessary.

■ Vanguard finally argues in this first point of error that the trial court erred in failing to allow for depreciation in determining the cost to repair the plane. The McWilliams assert that Vanguard bears the burden of production of proof on depreciation, and that it failed to raise the issue in the trial court. Vanguard cites us to no evidence in the record regarding depreciation, and we hold that the error, if any, was waived by Vanguard's failure to raise the issue in the trial court. *See Gasperson v. Madill National Bank,* 455 S.W.2d 381 (Tex.Civ.App.1970, writ ref'd n.r.e.). Vanguard's first point of error is overruled.

■ In its second multifarious point of error Vanguard contends that the trial court erred in awarding the McWilliams attorneys' fees pursuant to Tex.Rev.Civ. Stat.Ann. art. 2226 (Supp.1984). Specifically, Vanguard argues that art. 2226 exempts from its coverage suits against insurers subject to the Unfair Claim Settlement Practices Act, Tex.Ins.Code Ann. art. 21.21–2. We disagree. Art. 2226 has been construed to exclude from its provisions only those suits for which attorneys' fees can be *recovered* under the insurance code attorneys' fees provision. *Aetna Fire Underwriters Insurance Co. v. Southwestern Engineering Company,* 626 S.W.2d 99 (Tex.Civ.App.1981, writ ref'd n.r.e.); *Prudential Ins. Co. of America v. Burke,* 614 S.W.2d 847 (Tex.Civ.App.1981, writ ref'd n.r.e., 621 S.W.2d 596, Tex.1981).

■ Vanguard also claims that attorneys' fees should not have been awarded because it made sufficient tender of the amount then due and owing, which is a defense to the award of attorneys' fees under art. 2226. The record reflects that Vanguard tendered only $7,000 prior to

trial. We hold that this is not a sufficient tender to remove the cause from the purview of art. 2226.

 Vanguard further contends, without showing, that the trial court abused its discretion in awarding attorneys' fees. In reviewing the award under the standard of reasonableness, as we must, we find no abuse of discretion. *Espinoza v. Victoria Bank & Trust Co.*, 572 S.W.2d 816 (Tex. Civ.App.1978, writ ref'd n.r.e.). Vanguard's second point of error is overruled.

The McWilliams bring one crosspoint of error, on which, because of our disposition of Vanguard's points of error, we need not rule.

During oral argument of this case, it was brought to our attention that the $50.00 policy deductible prescribed in the policy had not been credited to the judgment. We order the judgment reformed to reflect this reduction and, as reformed, we affirm the judgment.