**Margaret I. ANNESLEY and Gale H. Touchstone, Appellants,**

**v.**

**TRICENTROL OIL TRADING, INC. and Tricentrol Overseas, Ltd., Appellees.**

**No. A14–89–00811–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 5, 1992.

Rehearing Denied Dec. 17, 1992.

William H. Bruckner, William H. White, Houston, for appellants.

Paul J. Dobrowski, Mark E. Lowes, Eileen Wilson, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION ON REMAND

JUNELL, Justice.

This suit to recover two seats on the New York Mercantile Exchange (NYMEX) comes to this Court on remand from the supreme court, 809 S.W.2d 218 (Tex.1991) (per curiam), on appeal from our unpublished opinion filed August 9, 1990. At trial, the jury awarded damages to appellees, Tricentrol Oil Trading, Inc. (TOTI) and Tricentrol Overseas, Ltd. (TOSL) for conversion, breach of fiduciary duty, breach of contract, punitive damages, and attorney's fees. In addition, the trial court declared TOTI to be the legal owner and holder of all right, title, and interest in the exchange seats. This Court reversed the judgment, holding that appellants' suit for conversion was barred by a release that expressly discharged "any and all causes of action, of any kind or character, whether now known or not known" between (1) Touchstone and (2) TOSL and its subsidiary and affiliated companies, including TOTI. The supreme court, however, found the release ineffective because appellant Gale H. Touchstone held the NYMEX seats in a resulting trust and, as trustee, he "failed to make a full and frank disclosure of his claim to the seats." We are bound by the supreme court's opinion as the law of the case. Upon consideration of issues not previously addressed, we affirm.

According to testimony, a NYMEX rule bars corporations from owning seats on the exchange, therefore as an officer of TOTI, Gale H. Touchstone took the two seats, paid for by the corporation, in his name and conferred trading privileges on TOTI. Touchstone held the seats in a resulting trust in TOTI's favor. However, after Touchstone was terminated, he refused to transfer the seats to TOTI's newly designated representative, claiming that TOTI's former president, Margaret I. Annesley, had orally agreed to give him the seats—in

fact, prior to their purchase—as part of his employment compensation. The jury found that Touchstone and Annesley had *not* entered into such oral agreement.

■ First, appellants contend that if there was no oral agreement, then there was no proof they breached their respective fiduciary duties to the corporation. They claim the jury's findings of breaches of fiduciary duty cannot be reconciled with the jury's finding of no oral agreement. We disagree. Touchstone breached his duty as a corporate officer by attempting to appropriate corporate property for his own financial benefit, and he breached his duty as a trustee of corporate property by refusing to carry out TOTI's demands as beneficiary of the trust property. Regarding Annesley, certainly it was a breach of her fiduciary duty to *attempt* to secretly divest TOTI of its corporate assets, even though she and Touchstone did not ultimately agree to terms that would form a legally binding agreement. Under Touchstone's version of their negotiation, the seats became his personal assets upon their purchase in January or February of 1985. Annesley testified that Touchstone could not have become owner of the seats for at least two years after their purchase; nonetheless, she clearly admitted she intended to give the corporation's seats to Touchstone to own as his personal assets.

■ Touchstone also contends there are no jury findings, and no evidence or insufficient evidence to support the award of punitive damages. Appellees respond that punitive damages may be recovered for (1) a willful or knowing conversion, *First Nat'l Bank v. Brown,* 644 S.W.2d 808, 810 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); or (2) an intentional and knowing breach of one's fiduciary duty, *Avila v. Havana Painting Co.,* 761 S.W.2d 398, 400 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Touchstone's failure to return the trust property at TOTI's direction supports the jury findings of conversion. "The unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights, is in law a conversion." *Waisath v. Lack's Stores, Inc.,* 474 S.W.2d 444, 447 (Tex.1971) (citations omitted). It has been held that an intentional act not only negates good faith, but implies the person acted with malice: "All that is necessary is a willful and knowing conversion under circumstances showing a lack of good faith." *Geders v. Aircraft Engine & Accessory Co.,* 599 S.W.2d 646, 651 (Tex. Civ.App.—Dallas 1980, no writ). Here, the trial court defined "intent, intentional or intentionally" as an act done "knowingly, deliberately, willfully, or designedly," and instructed the jury "where there is a fiduciary duty between the parties, a person has a duty to speak and a person's knowing or reckless failure to disclose material facts, which he has a duty to disclose, is fraudulent." The jury specifically found that Touchstone's conversion of the seats was "intentional," as was his breach of fiduciary duty. In such a case, malice may be implied. *See id.* Likewise, the jury found that Annesley's breach of fiduciary duty was committed intentionally. The secrecy of her negotiations with Touchstone is some evidence of Annesley's breach of her fiduciary duty to "act with candor, unselfishness, and good faith." We overrule Touchstone's points of error one, two, three, four, five, six, and seven, and Annesley's first and fourth points of error.

■ Next, Touchstone contends the trial court erred in awarding attorney's fees to TOTI and TOSL. The grant or denial of attorneys' fees in a declaratory judgment lies within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. Tex.Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1986); *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex.1985) (citations omitted). TOTI sought and received a declaration that it was the legal owner and holder of the NYMEX seats, and Touchstone has failed to prove the trial court's actions were arbitrary or unreasonable. Concerning TOSL, the trial court held that by suing TOSL, Touchstone breached their mutual agreement to release any and all causes of action—past, present, or future—against each other. Touchstone responds that it was TOSL that breached the agreement by giving TOTI permission to sue Touchstone

for recovery of the seats. As previously discussed, the supreme court held the release ineffective. Consequently, Touchstone contends that none of the terms of the contract—including the agreement not to sue—could have been breached. However, we see no inequity or abuse of discretion in the trial court awarding attorneys' fees based on the written contract since it was Touchstone's failure to make a full and frank disclosure in the contract negotiation that negated its effect. We overrule Touchstone's points of error eight and nine.

■ In Touchstone's tenth point of error, he complains the trial court erred in admitting one of Annesley's superseded pleadings and compounding the error by not allowing Touchstone to fully cross-examine Annesley concerning the circumstances of the pleading. TOTI offered the superseded pleading to impeach Annesley's testimony that she was not "aware" of having ever asserted that Touchstone breached his fiduciary duty to TOTI by failing to disclose the transaction that placed the seats in his name. Indeed, the superseded pleading contained that allegation; as such, it was admissible to impeach the pleader. See, e.g., Valadez v. Barrera, 647 S.W.2d 377, 382–83 (Tex.App.—San Antonio 1983, no writ). Touchstone also contends he was denied the opportunity to fully cross-examine Annesley. For example, Touchstone's attorney could not elicit from Annesley her definition of "fiduciary." We hold the trial court properly sustained TOTI's objection to that question as it called for a legal conclusion. Finally, Touchstone failed to make an offer of proof or a bill of exceptions showing what additional testimony Annesley might have given, therefore he waived this complaint. We overrule Touchstone's tenth point of error.

■ Appellants also contend the trial court erred by not treating TOTI (the plaintiff) and TOSL (a third-party defendant) as one party, and equalizing peremptory jury strikes. TEX.R.CIV.P. 233. However, appellants have failed to preserve any alleged error by not showing that the jury panel included members which they would have struck. Smith v. Christley, 755 S.W.2d 525, 531 (Tex.App.—Houston [14th Dist.]

1988, writ denied) (citations omitted). We overrule Touchstone's eleventh and Annesley's third points of error.

■ Next, Touchstone contends the trial court erred in denying his motion for mistrial; citing examples in which jurors wrote on the verdict pages and asked questions during their deliberation, Touchstone claims the jury's verdict showed its "utter confusion." However, Touchstone has failed to show how the foregoing matters "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case." TEX.R.APP.P. 81(b)(1). Touchstone also complains the trial court omitted several pages of Annesley's testimony in response to the jury's request to "see the oral testimony of both Annesley and Touchstone in which they stated at what period of time the NYMEX seats would become Touchstone's personal assets." However, it seems apparent that the testimony studied by the jurors was sufficient for them to properly perceive that Annesley and Touchstone did not come to specific terms on the agreement, a finding that appellants have claimed supports their case of no conspiracy. Finding no probable prejudice, we overrule Touchstone's twelfth point of error.

■ Finally, in Touchstone's thirteenth point of error and Annesley's second point of error, appellants contend the trial court erred by allowing into the jury room an exhibit containing approximately fifty pages when only two pages of the exhibit had been admitted into evidence. Approximately eight days after trial, Annesley's attorney discovered that additional pages of the exhibit, known as the "Tricentrol PLC Corporate Policies Manual Issued January 1986," were taken into the jury room, an action Annesley describes as "apparently inadvertent." Appellants contend the additional pages could have led jurors to believe that Annesley had no authority to approve of TOTI's purchase of the seats in Touchstone's name. However, TOTI did not challenge Annesley's authority to approve *purchase* of the seats, only the

transfer of the seats to Touchstone as personal assets. Appellants note that Tex. R.Civ.P. 281, designated "Papers Taken to Jury Room," provides in relevant part:

Where part only of a paper has been read in evidence, the jury shall not take the same with them, unless the part so read to them is detached from that which was excluded.

In interpreting Rule 281, this Court has emphasized that "it is the responsibility of the attorneys for *all* parties, as well as of the judge and bailiff, to check the materials to be sent to the jury room." *City of Houston v. Simon*, 580 S.W.2d 667, 668 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) (emphasis in original). Moreover, "jury misconduct" refers to all unauthorized acts done by the jury and does not necessarily imply intentional wrongdoing. In the instant case, appellants failed to show that, amid more than seventy exhibits admitted into evidence, the jurors considered the additional pages; they failed to meet the strict burden of establishing that misconduct occurred, that it was material, and that it reasonably appears from the record as a whole that it caused injury to the appellants. TEX.R.CIV.P. 327; *Howell v. Homecraft Land Dev., Inc.*, 749 S.W.2d 103, 111 (Tex.App.—Dallas 1987, writ denied); *City of Houston v. Simon*, 580 S.W.2d at 669. We overrule Touchstone's thirteenth point of error and Annesley's second point of error.

The judgment of the trial court is affirmed.