**AMERICAN GENERAL FIRE AND CASUALTY COMPANY,**
Appellant,

v.

**McINNIS BOOK STORE, INC.,**
et al., Appellees.

No. 13–92–062–CV.

Court of Appeals of Texas,
Corpus Christi.

June 10, 1993.

Thomas F. Nye, David H. Crago, Brin & Brin, Corpus Christi, for appellant.

Paul G. Kratzig, Jo Ellen Hewins, Law Office of Paul G. Kratzig, John S. Warren, LeLaurin & Adams, P.C., Robert B. Weathers, Corpus Christi, Kurt Groten, Houston, for appellees.

Before FEDERICO G. HINOJOSA, Jr., SEERDEN, and DORSEY, JJ.

## OPINION

### FEDERICO G. HINOJOSA, Jr., Justice.

A fire damaged the McInnis Book Store, and appellees attempted to claim benefits under an insurance policy, but appellant refused to pay benefits, claiming that the store owner intentionally set the fire. Appellees originally sued appellant for breaching the insurance contract, breaching the duties of good faith and fair dealing, and violating the Insurance Code and the Deceptive Trade Practices–Consumer Protection Act (DTPA). The trial court ordered that all of appellees' claims against appellant, except the claim for damages under the insurance contract, be severed. Appellees, in this case, only sought recovery of payment under the insurance contract. A jury found the owner did not intentionally set the fire and found that the store suffered losses of $143,004.11. The trial court entered judgment for damages in the amount of $143,004.11, pre-judgment interest in the amount of $43,880.48, and attorneys' fees. By five points of error, appellant challenges the sufficiency of the evidence regarding damages, complains that the jury finding that the owner did not intentionally set the fire is against the great weight and preponderance of the evidence, and complains that the trial court erred in denying a motion for new trial urged on the ground that appellees failed to sanitize exhibits. By a sixth point of error, appellant complains that the trial court erred by awarding attorneys' fees. We affirm the trial court's judgment.

American General Fire and Casualty Company insured McInnis Book Store, Inc., for property and earnings lost to fire. McInnis Book Store, Inc., is a Texas corporation owned and controlled by Paul Lynam. In 1988, financial problems beset Lynam, causing him to be delinquent in paying taxes, promissory notes, and publishers, and causing his checks to be returned for insufficient funds. Lynam's personal income fell from $40,000 in 1985, to $9,000 in 1986, to $985 in 1987, to $0 in 1988. The store lost inventory as publishers refused to send books on credit, customers commented on the diminished inventory, and at least one employee questioned how the business could survive. Ly-

nam was the last person to leave the store on April 2, 1988. That night, a fire damaged part of the store and some of its contents.

By its first three points of error, appellant complains that the trial court erred by denying its motion for new trial which alleged that the jury had received evidence that Lynam had been acquitted of arson. Appellant argues that appellees offered an exhibit which contained a reference to Lynam's acquittal, that the trial court admitted the exhibit on the condition that material about the criminal trial be removed from the exhibit, but that appellees failed to remove the prejudicial material from the exhibit.

A reviewing court will not disturb a trial court's ruling on a motion for new trial unless the trial court clearly abuses its discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984); *Jackson v. Mares,* 802 S.W.2d 48, 49 (Tex.App.—Corpus Christi 1990, writ denied). To hold that a trial court abused its discretion, we must find that it acted without regard for guiding rules and principles or that it acted arbitrarily and unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Reviewing courts indulge every reasonable presumption in favor of the trial court's ruling on a motion for new trial. *Jackson v. Van Winkle,* 660 S.W.2d 807, 809–10 (Tex.1983); *Texas Employers' Ins. Ass'n v. Ramirez,* 770 S.W.2d 896, 902 (Tex.App.— Corpus Christi 1989, writ denied). When the trial court does not file findings of fact, a reviewing court will infer that the trial court found all facts to justify the trial court's ruling if there is any evidence of probative fact to support the judgment. *Lewkowitz v. El Paso Apparel Co.,* 625 S.W.2d 301, 303 (Tex.1981).

To obtain a new trial based on jury misconduct, the moving party must show that 1) misconduct occurred, 2) it was material, and 3) the party suffered injury. *Redinger v. Living, Inc.,* 689 S.W.2d 415, 419 (Tex. 1985); *Perry v. Safeco Ins. Co.,* 821 S.W.2d 279, 280 (Tex.App.—Houston [1st Dist.] 1991,

writ denied). The movant bears the burden of presenting evidence substantiating fact claims necessary to entitle the movant to relief. *Cocke v. Saks*, 776 S.W.2d 788, 790 (Tex.App.—Corpus Christi 1989, writ denied). The rule covering new trials for jury misconduct includes motions alleging improper communications made to the jury. TEX. R.CIV.P. 327(a). Texas courts have suggested that tampering with evidence is an "outside influence" within the scope of TEX. R.CIV.P. 327(b) and TEX.R.CIV.EVID. 606(b). *See Shaw v. Greater Houston Transp. Co.*, 791 S.W.2d 204, 210 (Tex.App.—Corpus Christi 1990, no writ); *see also Clancy v. Zale Corp.*, 705 S.W.2d 820, 829 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

■ An acquittal in a criminal action is not ordinarily admissible evidence in a subsequent civil prosecution involving common fact issues. *State v. Benavidez*, 365 S.W.2d 638, 641 (Tex.1963).

Appellant complains that the jury received evidence that Lynam was acquitted of arson in connection with the fire that damaged the McInnis Book Store. Appellees offered an exhibit which contained references to Lynam's indictment and acquittal, prompting a bench conference. The trial court anticipated that appellant would object to the criminal trial references when appellees sought admission of the exhibit before excising the objectionable parts.

COURT: Are you going to object to it?

APPELLANT: As long as Counsel will represent to me that, you know, it's not going to go to the jury without it being sanitized and having the objection, about the material about the criminal trial.

COURT: It's going to be admitted subject to it being sanitized.

\* \* \* \* \* \*

COURT: No objections subject to being sanitized before it's published to the jury, right?

APPELLANT: And also to my right to go through it, just like these others.

After closing arguments, the trial court recessed the jury until the following Friday morning to allow the parties to "get the evidence together, the Charge, and things of that nature." After the jury left the courtroom, the trial court stated:

Folks, you want to check the evidence to see what's in, or you can do it Friday. See if we got everything marked.

Counsel from both sides met to examine the exhibits and approve their publication to the jury. Neither party removed references to the criminal trial from appellees' exhibit.

Appellant contends that its motion for new trial alleged attorney misconduct, not jury misconduct. It argues that appellees accepted the duty to sanitize the exhibit, citing *Texas General Indemnity Co. v. Ellis*, 421 S.W.2d 467, 472–73 (Tex.Civ.App.—Tyler 1967, no writ). Appellees contend that both parties shared the duty to inspect the exhibits, citing *City of Houston v. Simon*, 580 S.W.2d 667, 668 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). Appellees also argue that appellant failed to produce evidence that it was harmed by the failure to excise the references to the criminal trial.

We have found no cases discussing the deference a reviewing court should grant a trial court's determination of which party bears the burden of excising prejudicial information from an exhibit. Our research has also failed to find any Texas cases dealing with conditionally admitted documents. While we note that the rules of evidence explicitly provide for the admissibility of evidence for limited purposes, TEX.R.CIV.EVID. 105(a), and the admissibility of evidence only upon fulfillment of a condition of fact, TEX. R.CIV.EVID. 104(b), the rules do not contemplate admitting the inadmissible.

■ It is our opinion that the better practice would be for trial courts, upon proper objection, to refuse to admit any item of physical evidence which contains any inadmissible material. The party proffering the evidence would then be forced to remove the inadmissible portion and re-offer the evidence.

■ If the trial court had followed this procedure, we would not have this problem before us. We understand that in some cases, like the case at bar, this procedure might not allow for time constraints facing

the court, counsel, and witnesses.[1] We, therefore, address the question of who bears the burden of excising inadmissible material from evidence which has been conditionally admitted.

On the one hand, proffered evidence, objections thereto, and rulings thereon range infinite, suggesting that a trial court should assign burdens as it admits evidence, since the trial court best understands the parties' conflicting needs for admitting relevant evidence and for excising prejudicial evidence. The trial court also sits in the best position to determine whether the objecting party has clearly identified the material it wishes removed from the proffered evidence. The question of which party bears the burden of excising prejudicial information from an exhibit before publishing it to a jury is thus akin to a question of fact, requiring a reviewing court to presume the trial court found facts supporting its ruling; in this case, that appellant bore or shared the burden to an extent sufficient to warrant denying the motion for new trial. Such a finding has support in the evidence of this case. Appellant requested the opportunity to examine the exhibits and the trial court instructed both parties to prepare the evidence and the charge for the jury. If this is a question of fact, we must rule against appellant.

On the other hand, if the question of which party bears the burden of excising prejudicial information from an exhibit before publishing it to a jury is a simple either/or legal question, then we favor appellant's position in that the party proffering evidence, rather than the party objecting thereto, should bear the burden of making the evidence conform to the rulings of the trial court. We come to this conclusion on policy grounds only. We admit that we find no controlling case law, and the rules of civil procedure do not place the burden on any particular party. See TEX.R.CIV.P. 281. Appellant's authority for placing the burden on the party offering the evidence stands only for the more limited proposition that a trial court does not commit harmful error by denying a party the right to

submit an entire document to the jury when only a part has been admitted into evidence. *Ellis*, 421 S.W.2d at 473. By contrast, appellees offer authority for the proposition that a trial court does not abuse its discretion when it denies a motion for new trial when the record shows that notes of the attorney for the responding party reached the jury. *Simon*, 580 S.W.2d at 669. The court in *Ellis* placed a burden on the offering party; the court in *Simon* placed a burden on all parties.

We hold that the party offering evidence which the trial court admits expressly subject to excision of specifically identified prejudicial information has a duty to remove the prejudicial portion before submitting the evidence to the jury. The party offering the evidence may subsequently attempt to reoffer the evidence in its entirety before the case goes to the jury, and the trial court may, of course, reconsider its ruling and admit the evidence in its entirety or reduce the amount of information that must be excised. However, until a new offer or ruling is made, the party who originally offered the evidence bears the burden of sanitizing it to conform to the ruling of the trial court. The objecting party, however, must provide a reviewing court with a record that shows that the objectionable portion of the evidence was clearly identified either in the objection or in the ruling of the trial court.

Nevertheless, even if the party offering evidence, which is conditionally admitted, has a duty as a matter of law to excise inadmissible portions, the other party must still show that he suffered harm as a result of the offering party's failure to excise the inadmissible portions of the evidence. In this case, appellant has failed to show that it suffered any harm from appellees' failure to remove the references to the criminal trial. The trial court heard evidence that the exhibits reached the jury room but sat untouched in a box sitting in front of the foreman. The evidence shows that the exhibit was viewed only after the jury had ended deliberations and had voted on the issue of whether Ly-

---

1. In the present case, appellees offered the evidence as a business record. The witness establishing the predicate was on the witness stand and needed to leave the courtroom as soon as possible.

nam had intentionally set the fire. Appellant offered no evidence to show that the exhibit reached the jury and caused it injury. *See Simon,* 580 S.W.2d at 669. On these facts, we cannot say that the trial court abused its discretion by denying appellant's motion for new trial. We overrule appellant's first three points of error.

By its fourth point of error, appellant complains that the jury's finding that Lynam did not intentionally set the fire is against the great weight and preponderance of the evidence.

When a party with the burden of proof complains that the jury's finding against it on an issue is "against the great weight and preponderance of the evidence," we examine the entire record and consider all the evidence to see if there is sufficient evidence to support the jury's answer. *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986). We reverse the judgment only if the verdict is so contrary to the overwhelming weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Hipp v. J.D. Lowrie Well Serv., Inc.,* 800 S.W.2d 668, 670 (Tex. App.—Corpus Christi 1990, writ denied).

Appellant produced evidence of the bookstore's and Lynam's financial difficulties. The evidence shows that Lynam was the last person to leave the McInnis Book Store before the fire was discovered. Lynam admitted leaving the store "a couple of minutes before 6:00," and the fire was discovered at 6:16. Lynam lived only a short distance from the store, heard about the fire on the evening television newscast, but failed to go to the store to inspect the fire damage. A fire fighter testified that, while fighting the fire, he entered the store's storeroom and discovered a propane torch hissing out its contents near some toilet paper on a shelf. Appellant produced an expert who testified that hissing torches are consistent with arson. The expert also testified that he believed the fire started in a corner of the storeroom where someone had placed books and debris on the floor, that burn patterns indicated that a flammable liquid was used, and that a can of acetone that he found in the storeroom could have been used to start the fire. This expert was of the opinion that Lynam had started the fire.

Appellees produced evidence that an employee of the store next door in the shopping complex disappeared after the fire and could not be found. Appellees' expert, former Houston fire chief Perino, testified that the city fire department and appellant's experts performed an incomplete investigation which failed to meet the standards employed by professional fire investigators. He noted that all burn patterns show a "V" similar to the one appellant's expert found indicative of arson. He stated that subjecting a torch to heat will cause pressure to increase inside the canister, resulting in gas hissing through the seal. It was Perino's opinion that the fire began accidentally and likely started in the attic. He based this opinion on his examination of the damage to the building, including the greater damage in the attic and roof, the lack of damage in the supposed "main burn compartment," and the noted charring effect (indicating long, undetected burning). Perino also testified that a flammable liquid would have run into cracks between the floor tiles, causing them to burn and curl from the heat, but the evidence showed the tiles were unburned. Appellee also introduced evidence that appellant's expert failed to preserve evidence, including a light fixture which was found in the heaviest area of fire downstairs.

Lynam explained that he had failed to go to the store to inspect the damage after hearing the television news report because he had drunk some alcoholic beverages after going home and thought he should not arrive at the scene with alcohol on his breath. The news footage he saw on television indicated that the fire had centered on the neighboring Fox Photo store, no one called him to tell him that the bookstore had been affected, and by the time he learned of the fire, there was nothing he could do.

Appellees' witnesses explained that bookstores' inventories fluctuate seasonally and that their inventories are highest in the fall, anticipating Christmas, and lowest in the first quarter of the year, when retailers re-

turn unsold books to publishers for credit. Appellees explained the frequency of returned checks from their use of a "stop account." They testified that a "stop account" is a bank account with limited funds to cover special orders which are sent with a blank check to publishers. Often the order exceeds what the retailer estimates, and the account does not have sufficient funds to cover the check. Finally, appellees cross-examined appellant's witness who testified that suppliers were threatening to curtail business with McInnis. On cross-examination, she admitted that she did not handle orders with publishers, could not identify a single specific supplier who stopped doing business with McInnis, and could not recall which publishers supplied books. Furthermore, one of appellees' witness, a retired publisher, testified that publishers often place retailers on hold until accounts are reduced through returns.

We cannot say that the jury's finding that Lynam did not intentionally set the fire is so against the great weight and preponderance of the evidence as to be unjust. We overrule appellant's fourth point of error.

By its fifth point of error, appellant complains that the evidence is insufficient to support the jury's findings on damages. Appellants argue that the corporate income tax returns for 1986 and 1987 showed net losses for both years, that the sheriff had appeared to collect a delinquent tax bill, that Lynam had bad credit with publishers, and that inventory was low because publishers would not send books.

■■■■■■ We review all the evidence to determine whether the evidence supporting the finding is so weak that the finding is unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986). We review the sufficiency of the evidence supporting an award of damages by the same standards as any factual question. *Pope v. Moore*, 711 S.W.2d 622, 624 (Tex.1986). The law requires only the kind of proof of which the fact to be proved is susceptible. *Tri-State Motor Transit Co. v. Nicar*, 765 S.W.2d 486, 491 (Tex.App.—Houston [14th Dist.] 1989, no writ). The mental process by which a jury determines the amount of damages is ordinarily not cogniza-

ble by an appellate court. *Terry v. Garcia*, 800 S.W.2d 854, 859 (Tex.App.—San Antonio 1990, writ denied).

■■■■■ The evidence showed that the bookstore had an inventory of $70,307.00 at the time of the fire and that damage to the inventory was $45,993.79. Damage to furniture, computers and other fixtures was valued at $38,750.66. Damage to leasehold improvements was valued at $16,641.16. American General paid over $38,000 to NBC Bank, leaving a claim for lost contents totalling $63,004.11.

Lynam testified that he computed lost earnings according to a formula in the policy, using earnings from the previous year. Lynam averaged deposits for the store over the number of months for which he retained bank statements and subtracted wholesale costs, taxes, rents, loan payments, advertising costs and depreciation. Lynam computed the McInnis Book Store's earnings for 1987 were $162,381.56. Lynam testified that 1988 earnings appeared "roughly the same" as 1987. The store held a large library sale in March, 1987. In 1988, the store again held a large library sale, but held it in April, since the Texas State Librarians' Convention was to be held that month. Furthermore, appellees expected a large order from the Corpus Christi Central Library. The insurance policy covered a maximum of $80,000 lost earnings.

Given this evidence, we cannot state that the evidence supporting the jury findings of $63,004.11 in destroyed property and $80,000 in lost earnings is so weak that the findings are unjust. We overrule appellant's fifth point of error.

■■■■■ By its sixth point of error, appellant complains that the trial court erred in denying its motion to modify, correct, and reform the judgment because appellees are precluded from recovering attorney's fees. Appellant argues that TEX.CIV.PRAC. & REM.CODE ANN. § 38.006 precludes the award of attorney's fees.

Courts have consistently construed the precursor to § 38.006 to preclude a general award of attorney's fees only for those claims

against insurance companies which allow for attorney's fees under other statutes. *Prairie Farm Mut. Ins. Ass'n v. Burnett,* 698 S.W.2d 271, 278 (Tex.App.—Fort Worth 1985, no writ); *State Farm Mut. Auto. Ins. Co. v. Clark,* 694 S.W.2d 572, 575 (Tex.App.—Corpus Christi 1985, no writ); *Vanguard Ins. Co. v. McWilliams,* 680 S.W.2d 50, 52 (Tex. App.—Austin 1984, writ ref'd n.r.e.); *Aetna Fire Underwriters Ins. Co. v. Southwestern Engineering Co.,* 626 S.W.2d 99, 103 (Tex. App.—Beaumont 1981, writ ref'd n.r.e.); *Prudential Ins. Co. v. Burke,* 614 S.W.2d 847, 850 (Tex.Civ.App.—Texarkana 1981), writ ref'd n.r.e., 621 S.W.2d 596 (Tex.1981). None of the statutes enumerated in § 38.006 apply to this suit. Appellees only sought recovery of payment under the insurance contract. All of appellees' other claims against appellant (breach of duty of good faith and fair dealing and violations of the Insurance Code and DTPA) were severed from this case and were not made a part of this trial. We overrule appellant's sixth point of error.

We AFFIRM the trial court's judgment.