Fred FIRO, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 13–92–658–CR to 13–92–660–CR.

Court of Appeals of Texas,
Corpus Christi.

May 26, 1994.

Rehearing Overruled June 23, 1994.

Leslie P. Dixon, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Jacqueline A. Del Llano–Chapa, Asst. Dist. Atty., Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## OPINION

YAÑEZ, Justice.

After a competency hearing in which the jury found appellant competent to stand trial, appellant pled guilty to three counts of burglary. The trial court sentenced him to thirty-five years in prison as a habitual felony offender. By three points of error, appellant complains that he did not receive a fair competency hearing because the trial court erroneously admitted evidence of the charged offenses and of appellant's prior offenses.

█ At the hearing, appellant presented the testimony of a psychiatrist who diagnosed appellant as schizophrenic and said that appellant seemed incapable of understanding abstract concepts or even simple procedures such as applying for Social Security benefits. Dr. Joel Kutnick testified for the State. In Kutnick's opinion, appellant indeed had some mental problems but was competent to stand trial. Dr. Kutnick stated that he thought appellant was "malingering," "faking," or exaggerating symptoms of schizophrenia in order to appear more sick than he was. The State offered Dr. Kutnick's written report into evidence. Appellant objected to the following portions of the report which read:

1. 'I also reviewed police offense reports and the signed confession of the defendant.'
2. 'He was able to converse with arresting police officers and he gave a clear and coherent confession.'
3. 'He claims that some other individual dropped off this bucket as he was hiding behind the bushes. Yet, the police officers found him with the knife around his waist which was stolen. This certainly suggests he was the one that broke into the vehicle.'

In his first two points, appellant complains that the trial court reversibly erred by admitting these portions of Dr. Kutnick's written evaluation because they detailed the charged offenses and suggested that appellant made a confession. These references, appellant argues, would cause the jury to base their decision on appellant's guilt or innocence and not on the issue of competency.

█ The accused's guilt or innocence is not at issue at a competency hearing. Therefore, it is improper to introduce evidence of the offense itself. *Callaway v. State*, 594 S.W.2d 440, 443 (Tex.Crim.App. 1980). However, not every mention of the crime itself will necessitate reversal. *Brandon v. State*, 599 S.W.2d 567, 580 (Tex.Crim. App.1979) (Opinion after abatement); *McBride v. State*, 655 S.W.2d 280, 284 (Tex. App.—Houston [14th Dist.] 1983, no pet.). The statements or evidence of the crime must be of such a nature as to deny the accused a fair and impartial determination of his competency. *Brandon*, 599 S.W.2d at 580.

The State offered Kutnick's report as State's Exhibit One. Upon appellant's objections, the trial court ordered some portions of the document to be deleted. The trial court sustained appellant's objection to the third paragraph recited above and ordered it stricken from the report. However, when the redacted report was finally admitted, this paragraph still remained. Appellant again objected. The prosecutor promised that the document would not be published to the jury at that time, and the trial court stated, "State's Exhibit One–A will be admitted. I will take up any fine tuning in a minute."

The State then rested, appellant called one last witness, and rested. Once the jury retired to deliberate, the court allowed additional corrections to State's Exhibit One–A. The previously urged objections were not discussed again, so the State argues that the issue has been waived.

 A contemporaneous objection is required each and every time evidence is offered because evidence which is inadmissible for one purpose may be admissible for another. *See* TEX.R.CRIM.EVID. 105. Here, appellant's original objection to paragraph three, above, was made outside the jury's presence. An objection outside the jury's presence is sufficient to preserve error and no further objection is necessary. *Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App.1991); TEX.R.APP.P. 52(b). The exhibit was never offered for a different purpose. Moreover, appellant's original objection was sustained, and we hold that the party offering the evidence has the burden to redact or sanitize a document to conform to the court's order before the document is properly admissible. *See American Gen. Fire & Casualty Co. v. McInnis Book Store, Inc.,* 860 S.W.2d 484, 487–88 (Tex.App.—Corpus Christi 1993, no writ).

Paragraph three of the written report specifically recites details of the offense and appellant's arrest. The doctor concludes the paragraph with a statement which goes to establish appellant's guilt based upon details of the offense.[1] Guilt or innocence is not at issue in a competency hearing, and the determination of competency must be made uncluttered by evidence of the offense. *Ex parte Hagans,* 558 S.W.2d 457 (Tex.Crim. App.1977). Extraneous offense evidence about malingering is admissible, and indeed, all facts relevant to competency should be submitted to the jury. *Ex parte Harris,* 618 S.W.2d 369, 373 (Tex.Crim.App.1981). Kutnick opined that appellant was malingering. However, his opinion as expressed in the report appears to be based more upon the issue of appellant's guilt than anything else. The complained-of statements listed above not only go to guilt or innocence, they primarily concern the issue of insanity rather than competency. We hold that the statements improperly detail the charged offense and their admission denied appellant a fair and impartial determination of competency.

The State claims any error is harmless because the record does not indicate that the written report was ever requested by or shown to the jury. The record does not indicate that the exhibits were not published to the jury and that the evidence was therefore harmless. Points one and two are sustained.

Accordingly, we reverse the trial court's judgment and remand the cause for a new trial.

---

**1.** Kutnick's original report addressed both appellant's competency and his sanity at the time of the offense.