Fred **FIRO**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 13–92–658–CR to 13–92–660–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 8, 1994.

Leslie P. Dixon, Michael Burns, Corpus Christi, for appellant.

Grant Jones, Carlos Valdez, Dist. Atty., Jacqueline A. Del Llano–Chapa, Mike Hummell, Asst. Dist. Attys., Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and YAÑEZ, JJ.

## SUPPLEMENTAL OPINION

YAÑEZ, Justice.

We write in response to the State's petition for discretionary review to clarify the language in this court's original opinion 878 S.W.2d 254. We sustained the appellant's complaints on the improper admission of a psychiatric report. The State cited our opin-

ion in *Zuniga v. State,* 635 S.W.2d 780, 783 (Tex.App.—Corpus Christi 1982, pet. ref'd) and argued that error, if any, was harmless because the record failed to affirmatively disclose that the jury ever requested the psychiatric report or saw the report. Our decision in the case at bar does not conflict with *Zuniga.*

In *Zuniga,* the prosecutor cross-examined the appellant using charts that he prepared from prior testimony. The appellant's remarks were added to the charts. Appellant made no objection to this use of the charts. After cross, the prosecutor offered the charts into evidence and they were admitted over appellant's objection. The determination that no error had occurred in *Zuniga* was based upon article 36.25 of the Code of Criminal Procedure which states:

> There shall be furnished to the jury upon its request any exhibits admitted as evidence in this case (emphasis added).

Zuniga's record was "silent as to whether this was ever done."

Here, appellant's record discloses that the reports were shown to the jury. Defense counsel promised the jury in final argument that they would be given copies of the psychiatrist's report to review during deliberations. After the jury retired to deliberate, the court again called for objections to the challenged exhibit and the parties did further redactions, being careful to "white out" particular language *on both sides* of the report specifically so that the jury would not be able to "read through" from the back the redacted words. While the records shows *no formal* request from the jury to see the psychiatrist's report, such a request was not necessary for a finding of harm. The record shows that State failed to sanitize the document to conform to the trial court's ruling, and the parties "fine tuned" the document, clearly intending to take it to the jury once this task was completed. These facts show that the exhibit was eventually published to the jury and the record contains no indication that it was not provided them. We are not convinced beyond a reasonable doubt that the publication of the report made no contribution to the jury's finding of competence. We therefore sustained appellant's

points of error. Having reconsidered the matters raised by the State's Petition for Discretionary Review, we decline to alter our original opinion under Tex.R.App.P. 101.