Opinion issued August 22, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00334-CR

____________


JOHN P. MCGOWEN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 278th District Court

Walker County, Texas

Trial Court Cause No. 20,475-C






O P I N I O N A jury found appellant, John P. McGowen, guilty of possession of a deadly
weapon in a penal institution, i.e., a sharpened piece of metal. See Tex. Pen. Code
Ann. § 46.10 (Vernon 1994). After finding three enhancement paragraphs true, the
jury assessed punishment at 25-years imprisonment.

 Appellant's trial argument was that prison guards planted the piece of metal in
his cell. Appellant brings two issues, challenging the trial court's: (1) admission of
testimony based on a computer printout and (2) exclusion of evidence concerning the
guards' disciplinary records. We affirm.

 In issue one, appellant contends the trial court improperly allowed the State to
rebut the testimony of a defense witness, inmate Michael Geiger. Geiger testified that
a guard placed an object under appellant's bunk while appellant was out of his cell. 
The State rebutted Geiger's testimony by calling Tommy Collier, an investigator for
the Texas Department of Criminal Justice. Collier testified--based on a computer
printout--that Geiger was assigned to another prison unit on the date of the offense. 
State's Witness's Lack of Personal Knowledge

 Appellant initially objected to Collier's testimony based on lack of personal
knowledge and hearsay. In support of his argument, appellant calls our attention to
the following testimony, which provides:

 State: Where was Michael-inmate Michael Geiger housed, in
what unit, on April 25th of 1999?


 Defense: Objection, Your Honor. Could I take this witness on voir
dire?


 Court: Yes, sir.




VOIR DIRE EXAMINATION

 Defense: Sir, do you have personal knowledge of where this Michael
Geiger might have been, without reference to documents or
screens from the institution?


 Witness: No.


 Defense: So, all the information you might have concerning this
would be from a computer printout?


 Witness: Yes, sir.


 Defense: And you didn't input the data into the computer, did you?


 Witness: No, sir.


 Defense: And you're not in charge of the people who put the data
into the computer, are you?


 Witness: No, sir.


 Defense: Judge, I am through on that point. I think this person
doesn't have personal knowledge as to anything with
regard to where Mr. Michael Geiger might have been on
that date in question. He doesn't have personal
knowledge; he's not competent to testify in this matter.


 Court: Do you object?


 Defense: Yes, I object, Your Honor.


 Court: Overruled.


 After the trial court overruled the objection, Collier testified, without objection, 
that computer records indicated that, on the date of the offense, Michael Geiger was
not housed at the Estelle unit with appellant. Later in the trial, Collier testified to the
following without objection from appellant:

 State: So what you're testifying to, you don't know whether it's
actually the truth, what was put in the computer, but just
what the computer shows you?


 Witness: Yes, ma'am.


 State: And the computer shows you what?


 Witness: That [Geiger] was at the Michael Unit on that date.


 If, on appeal, a defendant claims the trial judge erred in admitting evidence
offered by the State, this error must have been preserved by a proper timely objection
and an adverse ruling on that objection. Tex. R. App. P. 33.1; Tex. R. Evid. 103(a). 
Texas law requires a party to continuously object each time inadmissible evidence is
offered. Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); see also
Firo v. State, 878 S.W.2d 254, 256 (Tex. App.--Corpus Christi 1994, pet ref'd)
(stating contemporaneous objection is required each and every time evidence is
offered because evidence that is inadmissible for one purpose may be admissible for
another). "[D]espite the improper form and content of the question, it is well settled
that an error in admission of evidence is cured where the same evidence comes in
elsewhere without objection; defense counsel must object every time allegedly
inadmissible evidence is offered." Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim.
App. 1984). 

 The two exceptions to the "contemporaneous objection" rule set forth in Texas
Rule of Evidence 103(a) are: (1) the running objection, which requires counsel to
timely assert a continuous objection stating the specific grounds for the ruling, unless
the specific grounds are apparent from the context of the objection; and (2) lodging
an objection to all testimony counsel deems objectionable on a given subject at one
time outside the jury's presence. Ethington, 819 S.W.2d 858-59.

 In this case, appellant timely objected to Collier's testimony. However,
appellant did not object (to Collier's testimony) when the State continued its
questions about Geiger's whereabouts on the date of the offense based on the
computer printout. Because appellant neither objected nor asserted either exception
to the contemporaneous objection rule regarding Geiger's whereabouts, he has
waived his argument on appeal. Id. at 859-60. Therefore, we need not address
appellant's argument that the State failed to establish the predicate to admit the
printout as a business record. 

 We overrule issue one. 

Exclusion of Evidence of Disciplinary Histories of the Prison 

 In issue two, appellant contends the trial court erred by excluding evidence of
the disciplinary histories of the prison guards. Appellant claims this evidence was
relevant to show the guards' bias against prisoners generally and to impeach two of
the guards' statements that they had no "bad feelings" or "anything against"
appellant. Appellant admits that Texas Rule of Evidence 608(b) bars an inquiry into
specific instances of misconduct for the purpose of attacking a witness's credibility,
but argues that Texas Rule of Evidence 613(b) allows the examination of a witness
about bias.

 In his offer of proof, appellant did not show that any of the guards were
disciplined for actions specifically related to appellant or that any of the guards were
disciplined for planting evidence on prisoners. (1) Appellant does not cite any
authority--and we are aware of none--for the proposition that Rule 613(b) allows a
party to inquire into matters normally prohibited by Rule 608(b) when there is no
evidence of specific bias. Accordingly, we hold the trial court did not err in
excluding the disciplinary histories of the prison guards.

 We overrule issue two.

Conclusion

 We affirm the trial court's judgment.


Sherry J. Radack

Justice

Panel consists of Justices Jennings, Radack, and Smith. (2)

Do not publish. Tex. R. App. P. 47.
1. Appellant did not make a Bill of Exceptions to the court's ruling. 
2. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.