**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Petitioner,**

v.

**Riley P. BURKE, Respondent.**

No. C–467.

Supreme Court of Texas.

Sept. 28, 1981.

Atchley, Russell, Waldrop & Hlavinka, Michael Stevens, Texarkana, for petitioner.

Errol Friedman, Texarkana, for respondent.

PER CURIAM.

Insured, Riley P. Burke, brought suit against Prudential Insurance Company seeking to compel Prudential to change the beneficiary of his life insurance policy. Although the policy expressly granted Burke this right, Prudential refused to affect the change because the named beneficiary was Burke's former wife and her interest in the policy had not been resolved in the divorce judgment. The Court of Civil Appeals affirmed the judgment of the trial court declaring that Prudential had the duty to change the beneficiary and allowing Burke a recovery of his attorney's fees. 614 S.W.2d 847.

The Court of Civil Appeals has correctly decided the case. A collateral issue, not material to the disposition of the present case, is the extent of a spouse's community property interest in an unmatured insurance policy, purchased with community property funds, but not mentioned in the property division of the divorce decree. We reserve this question for determination in the appropriate case. Prudential's Application for Writ of Error is refused, no reversible error.