GRAPEVINE EXCAVATION, INC., Appellant,

v.

MARYLAND LLOYDS, a Lloyds Insurance Company, Appellee.

No. 99–1227.

Supreme Court of Texas.

Argued Feb. 16, 2000.

Decided July 6, 2000.

Rehearing Overruled Jan. 18, 2001.

Patrick J. Wielinski, Haynes and Boone, Dallas, Jay Eric Stuemke, Ford White Wielinski & Salazar, Dallas, for Appellant.

R. Brent Cooper, R. Douglas Rees, Diana L. Faust, Cooper & Scully, P.C., Dallas, for Appellee.

Justice BAKER delivered the opinion of the Court, in which Justice ENOCH, Justice ABBOTT, Justice HANKINSON, Justice O'NEILL, and Justice GONZALES joined.

This case is before the Court on a certified question from the United States Court of Appeals for the Fifth Circuit. The certified question is whether, in a policyholder's successful suit for breach of contract against an insurance company that is subject to one or more of the provisions listed in section 38.006 of the Insurance Code, the insurance company is liable to its policyholder for reasonable attorney's fees incurred in pursuing the breach-of-contract action, either under an Insurance Code provision listed in section 38.006, or under section 38.001 if application of one or more of those provisions does not result in the award of attorney's fees. 197 F.3d 730, 732 (5th Cir.1999). We answer the certified question yes.

## I. BACKGROUND

Grapevine Excavation, Inc. sued Maryland Lloyds, its insurer, for breach of contract for refusing to defend Grapevine in a lawsuit. A federal district court in Texas concluded that Maryland did not owe Grapevine a duty to defend. *See Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.,* 18 F.Supp.2d 636 (N.D.Tex. May 22, 1998). Grapevine appealed, and the Fifth Circuit Court of Appeals reversed the trial

court's judgment. *See Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.,* 197 F.3d 720 (5ᵗʰ Cir.1999). It determined that Maryland breached its contract with Grapevine by refusing to defend it in the underlying lawsuit and remanded the case to the district court to determine an appropriate remedy. 197 F.3d at 730. The Fifth Circuit retained jurisdiction for the limited purpose of deciding whether Grapevine is entitled to recover attorney's fees incurred in pursuing the breach-of-contract action against Maryland. The Fifth Circuit certified the question to this Court. 197 F.3d at 732.

## II. TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 38

Chapter 38 generally provides that litigants may recover reasonable attorney's fees incurred in a valid claim based upon a written contract. *See* TEX. CIV. PRAC. & REM.CODE § 38.001(8). But section 38.006 provides an exception to this general rule:

This chapter does not apply to a contract issued by an insurer that is subject to the provisions of:

(1) Article 3.62, Insurance Code [repealed in 1991];

(2) Section 1, Chapter 387, Acts of the 55ᵗʰ Legislature,

Regular Session, 1957 (Article 3.62–1, Insurance Code)

[repealed in 1991];

(3) Chapter 9, Insurance Code;

(4) Article 21.21, Insurance Code; or

(5) The Unfair Claim Settlement Practices Act

(Article 21.21–2, Insurance Code).

TEX. CIV. PRAC. & REM.CODE § 38.006.

## III. THE FIFTH CIRCUIT'S CERTIFICATION

In its certification to this Court, the Fifth Circuit recognized that it has interpreted section 38.006 differently from Texas appellate courts. 197 F.3d at 731. The court acknowledged that it has interpreted

section 38.006, relying on this Court's opinion in *Dairyland County Mutual Insurance Company v. Childress,* 650 S.W.2d 770, 775 (Tex.1983), to exempt insurers who are subject to the provisions listed in section 38.006 from paying attorney's fees in breach-of-contract actions. *See Bituminous Cas. Corp. v. Vacuum Tanks, Inc.,* 975 F.2d 1130, 1133 (5ᵗʰ Cir.1992); *see also Lafarge Corp. v. Hartford Cas. Ins. Co.,* 61 F.3d 389, 402–03 (5ᵗʰ Cir.1995).

In *Dairyland,* this Court held that Dairyland was not exempt under former article 2226 (codified at chapter 38 of the Texas Civil Practice and Remedies Code) from paying attorney's fees because Dairyland was a county mutual insurance company and thus, under former section 17.22 of the Insurance Code, was not subject to any of the exceptions listed under article 2226. *See Dairyland,* 650 S.W.2d at 775. The Fifth Circuit has interpreted our holding in *Dairyland* to imply that "an insurer who falls within the provisions of section 38.006 is exempt from the payment of attorney's fees and that only those insurers who do not qualify for the exemption are subject to the payment of attorney's fees." *Bituminous Cas. Corp.,* 975 F.2d at 1133; *see also Lafarge Corp.,* 61 F.3d at 402.

In contrast to the Fifth Circuit's interpretation, Texas appellate courts have held that section 38.006's purpose is to deny attorney's fees under chapter 38 only when attorney's fees are already available under other specific statutes. *See, e.g., Texas Property & Cas. Ins. Guar. Ass'n v. Southwest Aggregates, Inc.,* 982 S.W.2d 600, 613 (Tex.App.—Austin 1998, no pet.); *Whitehead v. State Farm Mut. Auto. Ins. Co.,* 952 S.W.2d 79, 87–88 (Tex.App.—Texarkana ), *rev'd on other grounds,* 988 S.W.2d 744 (Tex.1999); *Novosad v. Mid–Century Ins. Co.,* 881 S.W.2d 546, 552 (Tex.App.—San Antonio 1994, no writ); *American Gen. Fire & Cas. Co. v. McInnis Book Store, Inc.,* 860 S.W.2d 484, 490–91 (Tex.App.—Corpus Christi 1993, no writ); *Chitsey v. National Lloyd's Ins. Co.,* 698 S.W.2d 766, 772 (Tex.App.—Aus-

tin), *aff'd*, 738 S.W.2d 641 (Tex.1987); *Hochheim Prairie Farm Mut. Ins. Ass'n v. Burnett*, 698 S.W.2d 271, 278 (Tex. App.—Fort Worth 1985, no writ); *Martin v. Travelers Indem. Co.*, 696 S.W.2d 450, 451 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *State Farm Mut. Auto. Ins. Co. v. Clark*, 694 S.W.2d 572, 574–75 (Tex.App.— Corpus Christi 1985, no writ); *Vanguard Ins. Co. v. McWilliams*, 680 S.W.2d 50, 52 (Tex.App.—Austin 1984, writ ref'd n.r.e.); *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 283–84 (Tex.App.— Fort Worth 1984, writ ref'd n.r.e.); *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 575 (Tex.App.—Houston [14 th Dist.] ), *rev'd in part on other grounds*, 704 S.W.2d 742, 745 (Tex.1986); *Texas Farmers Ins. Co. v. Hernandez*, 649 S.W.2d 121, 124 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.); *Aetna Fire Underwriters Ins. Co. v. Southwestern Eng'g Co.*, 626 S.W.2d 99, 103 (Tex.App.—Beaumont 1981, writ ref'd n.r.e.); *Prudential Ins. Co. v. Burke*, 614 S.W.2d 847, 850 (Tex.Civ. App.—Texarkana), *writ ref'd n.r.e.*, 621 S.W.2d 596, 597 (Tex.1981)(per curiam).

## IV. THE PARTIES' CONTENTIONS

Grapevine argues that Texas appellate courts have correctly interpreted section 38.006. Grapevine specifically points to this Court's decision in *Burke*, which affirmed the court of appeals' decision upholding an award of attorney's fees against an insurer in a breach-of-contract action. *See Burke*, 621 S.W.2d at 597. Grapevine also notes that this Court followed. *Burke* in *Barnett v. Aetna Life Insurance Company*, 723 S.W.2d 663, 667 (Tex.1987). Thus, Grapevine asserts that we should answer the certified question affirmatively and allow Grapevine to recover attorney's fees from Maryland.

On the other hand, Maryland insists that section 38.006's plain language exempts insurers from liability for attorney's fees under chapter 38. Maryland relies on *Dairyland* and argues that this Court has only directly considered this issue in

*Dairyland. See Dairyland*, 650 S.W.2d at 775.

## V. ANALYSIS

While we do not disagree with Maryland that section 38.006's language could support its view, we agree with Grapevine that section 38.006, as this Court interpreted it in *Burke* and as numerous Texas courts of appeals decisions have interpreted it over the past twenty years, denies attorney's fees under chapter 38 only if attorney's fees are available under another statutory scheme. We adhere to this precedent and answer the certified question yes.

In 1977, the Legislature amended former article 2226 and provided for attorney's fees on suits founded on written or oral contracts. The amendment exempted insurance contracts issued by insurers that were subject to specific provisions of the Insurance Code listed in article 2226.

This Court issued its *Burke* per curiam in September 1981. *See Burke*, 621 S.W.2d at 596. In *Burke*, the court of appeals specifically considered on rehearing the question certified here and decided that section 38.006 allowed recovery for attorney's fees from insurers in breach-of-contract suits. *See Burke*, 614 S.W.2d at 850. The court of appeals held that the purpose of former article 2226 was "to exclude only those claims against insurance companies where attorney's fees [are] already available by virtue of other specific statutes." *Burke*, 614 S.W.2d at 850. Prudential filed an application for writ of error in this Court and raised two issues, one of which was whether it must pay Burke's attorney's fees on his breach-of-contract claim. We refused Prudential's application for writ of error. In a per curiam opinion, we acknowledged the attorney's fees issue and the other issue and then stated "the Court of Civil Appeals has correctly decided the case." *Burke*, 621 S.W.2d at 597. We then discussed a collateral issue in the case. *Burke*, 621 S.W.2d at 597. Thus, we affirmed the court of

appeals' holding on the attorney's fees award.

The Legislature codified article 2226 as chapter 38 in 1985 without substantial change. After the codification, we reaffirmed *Burke* in *Barnett*. *See Barnett,* 723 S.W.2d at 667. In *Barnett,* we held that the insured was entitled to attorney's fees on its breach-of-contract claim and cited section 38.001. We also cited *Texas Farmers Insurance Company v. Hernandez,* 649 S.W.2d 121 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.). In *Hernandez,* the court of appeals adopted the *Burke* construction of article 2226 and awarded attorney's fees to the insured on his successful breach-of-contract suit against his insurer. *See Hernandez,* 649 S.W.2d at 124.

In addition to *Burke* and *Hernandez,* courts of appeals in a number of other cases have held that section 38.006 provides recovery of attorney's fees from insurers in breach-of-contract actions. *See, e.g., Texas Property & Cas.,* 982 S.W.2d at 612–13; *Whitehead,* 952 S.W.2d at 87–89, *rev'd on other grounds,* 988 S.W.2d at 744; *Novosad,* 881 S.W.2d at 552; *American Gen. Fire & Cas. Co.,* 860 S.W.2d at 490–91; *Chitsey,* 698 S.W.2d at 772, *aff'd,* 738 S.W.2d at 641; *Hochheim Prairie Farm Mut. Ins. Ass'n,* 698 S.W.2d at 278; *Martin,* 696 S.W.2d at 451; *Clark,* 694 S.W.2d at 575; *Vanguard Ins. Co.,* 680 S.W.2d at 52; *Commonwealth Lloyd's,* 678 S.W.2d at 283–84; *Bellefonte Underwriters,* 663 S.W.2d at 575, *rev'd in part on other grounds,* 704 S.W.2d at 742; *Aetna Fire Underwriters,* 626 S.W.2d at 103.

On the other hand, the Fifth Circuit has not been so comfortable with section 38.006's meaning. First, in *Bituminous Casualty,* a panel of the court relied on *Dairyland* to hold that an insurer who falls within section 38.006 is exempt from liability for attorney's fees. *See Bituminous Cas.,* 975 F.2d at 1133. In doing so, the panel acknowledged the Texas courts of appeals decisions holding that section 38.006 excluded attorney's fees only in cases where attorney's fees were not otherwise available. *See Bituminous Cas.,* 975 F.2d at 1133. But the panel overlooked our *Burke* per curiam, and also *Barnett,* where we confirmed our holding in *Burke. See Bituminous Cas.,* 975 F.2d at 1133; *see also Barnett,* 723 S.W.2d at 667; *Burke,* 621 S.W.2d at 597. Instead, the panel stated that this Court had not "expressly affirmed the decisions in this line of cases" and that we had only expressly considered the issue in *Dairyland. Bituminous Cas.,* 975 F.2d at 1133.

Then, in 1995, another Fifth Circuit panel reluctantly followed *Bituminous Casualty* in reversing an attorney's fees award to an insured in a successful breach-of-contract suit. *See Lafarge Corp.,* 61 F.3d at 402–03. The panel suggested that the *Bituminous Casualty* holding may have been erroneous under Texas law, and noted that even Fifth Circuit decisions before and after *Bituminous Casualty* had assumed that attorney's fees awards to insureds were appropriate in breach-of-contract actions. *See Lafarge Corp.,* 61 F.3d at 403 (citing *Gulf Chem. & Metallurgical Corp. v. Associated Metals & Minerals Corp.,* 1 F.3d 365, 373 (5th Cir.1993) and *Enserch Corp. v. Shand Morahan & Co.,* 952 F.2d 1485, 1500–01 (5th Cir.1992)). But it also recognized that under Fifth Circuit rules, it was bound by the *Bituminous Casualty* decision:

> [I]t is well-settled in this Circuit that one panel may not overrule the decision, right or wrong, of a prior panel, in the absence of an en banc reconsideration or superseding decision of the Supreme Court. Moreover, a prior panel decision should be followed by other panels without regard to any alleged existing confusion in state law, absent a subsequent state court decision or statutory amendment which makes this Court's [prior] decision *clearly* wrong.

*Lafarge Corp.,* 61 F.3d at 403 (citations and internal quotation marks omitted). The panel noted that the parties had not cited and the court had not found any post-

*Bituminous Casualty* Texas appellate court opinion "that *directly* confront[ed] the issue." *Lafarge Corp.*, 61 F.3d at 403.

In the meantime, Texas courts continued to follow *Burke. See, e.g., Texas Property & Cas.*, 982 S.W.2d at 612; *Novosad*, 881 S.W.2d at 552; *American Gen. Fire & Cas.*, 860 S.W.2d at 490–91; *Bellefonte Underwriters*, 663 S.W.2d at 575, *rev'd in part on other grounds*, 704 S.W.2d at 742. Given the conflict between Texas case law and *Bituminous Casualty*, and the resulting confusion in the Fifth Circuit, it is not surprising that the Fifth Circuit ultimately certified the question, asking us to pronounce again, this time more directly, our interpretation of section 38.006's meaning.

We conclude that we should follow established and longstanding Texas authority that interprets section 38.006 to allow recovery of attorney's fees in a successful breach-of-contract action against an insurer unless attorney's fees are otherwise available. We reach this decision for two important reasons.

First, although Texas appellate courts have consistently held for nearly twenty years that section 38.006 allows recovery of attorney's fees against insurers in breach-of-contract suits, the Legislature has not substantially changed section 38.006 since its enactment in 1977. Indeed, it codified article 2226 as chapter 38 in 1985 without substantial change. It is a firmly established statutory construction rule that once appellate courts construe a statute and the Legislature re-enacts or codifies that statute without substantial change, we presume that the Legislature has adopted the judicial interpretation. *See Ector County v. Stringer*, 843 S.W.2d 477, 479–80 n. 4 (Tex.1992); *Robinson v. Central Tex. MHMR Ctr.*, 780 S.W.2d 169, 171 (Tex.1989); *First Employees Ins. Co. v. Skinner*, 646 S.W.2d 170, 172 (Tex.1983). Therefore, we presume that the Legislature has adopted the established judicial interpretation of section 38.006.

More importantly, stare decisis demands the result we reach here. Stare decisis has its greatest force in statutory construction cases. *See Moss v. Gibbs*, 370 S.W.2d 452, 458 (Tex.1963). Adhering to precedent fosters efficiency, fairness, and legitimacy. *See Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex.1995). More practically, it results in predictability in the law, which allows people to rationally order their conduct and affairs. *See Weiner*, 900 S.W.2d at 320. And, Texas appellate courts have predictably and consistently given section 38.006 the same construction for the past twenty years.

## VI. CONCLUSION

We hold that in a policyholder's successful suit for breach of contract against an insurer that is subject to the provisions listed in section 38.006, the insurer is liable for reasonable attorney's fees incurred in pursuing the breach-of-contract action under section 38.001 unless the insurer is liable for attorney's fees under another statutory scheme. Accordingly, we answer the certified question from the Fifth Circuit Court of Appeals yes.

Justice GONZALES filed a concurring opinion, in which Justice ENOCH joined.

Chief Justice PHILLIPS filed a dissenting opinion, in which Justice HECHT and Justice OWEN joined.

Justice GONZALES, joined by Justice ENOCH, concurring.

If we were construing section 38.006 for the first time today, the statute's plain language would compel me to conclude that it exempts insurers from liability for attorney's fees in a breach of contract suit. *See* TEX. CIV. PRAC. & REM.CODE § 38.006. But, as the Court observes, we do not write on a clean slate. Twenty years of precedent, from this Court and the courts of appeals, hold to the contrary.

The doctrine of stare decisis is integral to our common-law system of decision making, promoting efficiency, fairness, and legitimacy. *See Weiner v. Wasson*, 900

S.W.2d 316, 320 (Tex.1995). I recognize that the rule of stare decisis cannot be absolute, and there may be compelling reasons to reject prior precedent as untenable. *See Dawkins v. Meyer*, 825 S.W.2d 444, 453–54 (Tex.1992) (Gonzalez, J., dissenting) (noting that stare decisis does not render the law immutable). But there are no compelling reasons here to overrule the long line of decisions interpreting section 38.006. The dissent gives the best reasons available for not following *Burke*. Yet those reasons do not persuade. The dissent discounts our writing in *Burke*, apparently because it was not clear, and in *Barnett*, because it decided the availability of attorney's fees under Section 38.001 without extensive discussion. *See Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 667 (Tex.1987); *Prudential Ins. Co. v. Burke*, 621 S.W.2d 596, 597 (Tex.1981) (per curiam). Yet the dissent concedes that every court of appeals to directly address the issue of attorney's fees in insurance contract cases for the past twenty years has followed *Burke*.

"[I]n the area of statutory construction, the doctrine of stare decisis has its greatest force." *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 186 (Tex.1968). If the Legislature did not intend to broadly except insurance companies from liability for attorney's fees when they breach their contract with an insured, that policy choice does not appear from the plain language of Section 38.006. But after twenty years of court decisions that the exception is not that broad, there is no indication that the Legislature disagrees. Certainly, enacting statutes is within the unique province of the Legislature, and as to statutes, the ultimate interpretation is within their hands. *See Marmon*, 430 S.W.2d at 186.

Consequently, despite the plain language of section 38.006, I concur with the Court's opinion and judgment.

Chief Justice PHILLIPS, joined by Justice HECHT and Justice OWEN, dissenting.

In answer to the question certified by the Fifth Circuit,[1] this Court holds that section 38.006 of Civil Practice and Remedies Code permits recovery of attorney's fees in favor of a prevailing insured in a breach of contract action against its insurance carrier. Although the plain language of this statute seemingly dictates the opposite result, the Court supports its answer by pointing to twenty years of "consistent" Texas precedent and the doctrine of legislative acceptance. These decisions, whether right or wrong, the Court says, have become an acknowledged part of Texas jurisprudence over the past two decades, have been accepted by the Legislature, and therefore should not be reexamined now.

I think the Court's history is too simple. While the courts of appeals have been consistent for the last two decades on this issue, the Supreme Court's pronouncements have been inconsistent and confusing. The Fifth Circuit, seeking to follow our law, has clearly been puzzled. I see no basis to conclude that the issue is settled or that the Legislature has acquiesced in any holding. Instead, I would interpret the statute itself based on its text and legislative history. On this basis, I would hold that the statute does not permit a prevailing insured to recover attorney's fees for breach of contract against its insurance carrier. Thus, I would answer the Fifth Circuit's question " No."

I

The Texas attorney's fees statute, presently codified in Chapter 38 of the Civil Practice and Remedies Code, is nearly a century old.[2] Contrary to the traditional

---

1. Question certified in *Federated Mut. Ins. Co. v. Grapevine Excavation, Inc.*, 197 F.3d 730 (5 th Cir.1999).

2. Act of March 13, 1909, 28 th Leg., R.S., ch. 47, 1909 Tex. Gen. Laws 94, *amended by* Act of March 26, 1923, 38 th Leg., R.S., ch. 144, 1923 Tex. Gen. Laws 312–13, *amended by* Act

common law rule, it permits a prevailing party to recover reasonable attorney's fees in certain types of cases.

In 1977, the Legislature expanded the statute to provide for attorney's fees in suits founded on oral or written contracts. *See* Act of April 25, 1977, 65 th Leg., R.S., ch. 76, § 1, 1977 Tex. Gen. Laws 153–54. However, the Legislature exempted from this general rule those contracts issued by insurers which are subject to certain provisions of the Insurance Code. *Id.* Two years later, the Legislature added the instruction that the statute should "be liberally construed to promote its underlying purposes." *See* Act of June 6, 1979, 66 th Leg., R.S., ch. 314, § 1, 1979 Tex. Gen. Laws 718–19 (repealed 1985).

After these changes, the statute provided in relevant part:

**Art. 2226. Attorney's fees**

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for ... suits founded on oral or written contracts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.... *The provisions hereof shall not apply to contracts of insurers issued by insurers subject to the provisions of the Unfair Claim Settlement Practices Act (Article 21.21–2, Insurance Code), nor shall it apply to contracts of any insurer subject to the provisions of Article 3.62, Insurance Code, or to Chapter 387, Acts Of*

of June 29, 1949, 51 st Leg., R.S., ch. 494, 1949 Tex. Gen. Laws 915, *amended by* act of April 21, 1953, 53 rd Leg., R.S., ch. 67, 1953 Tex. Gen. Laws 101, *amended by* Act of May 17, 1971, 62 nd Leg., R.S., ch. 225, § 1, 1971 Tex. Gen. Laws 1073, *amended by* Act of April 25, 1977, 65 th Leg., R.S., ch. 76, § 1, 1977 Tex. Gen. Laws 153–54, *amended by* Act of June 6, 1979, 66 th Leg., R.S., ch 314, § 1,

*the 55 th Legislature, Regular Session, 1957, as amended (Article 3.62–1, Vernon's Texas Insurance Code), or to Article 21.21, Insurance Code, as amended, or to Chapter 9, Insurance Code, as amended, and each such article or chapter shall be and remain in full force and effect.* This Act shall be liberally construed to promote its underlying purposes.

*Id.* (emphasis added).

Without intending to change the statute's meaning, the Legislature in 1985 codified Article 2226 as a part of the Civil Practice and Remedies Code. New sections 38.001(8) and 38.006 now provide:

**§ 38.001. Recovery of Attorney's Fees**

A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for:

\* \* \*

(8) an oral or written contract.

\* \* \*

**§ 38.006. Exceptions**

This chapter does not apply to a contract issued by an insurer that is subject to the provisions of:

(1) Article 3.62, Insurance Code; [3]

(2) Section 1, Chapter 387, Acts of the 55th Legislature, Regular Session, 1957 (Article 3.62–1, Vernon's Texas Insurance Code); [4]

(3) Chapter 9, Insurance Code;

(4) Article 21.21, Insurance Code; or

(5) the Unfair Claim Settlement Practices Act (Article 21.21–2, Insurance Code).

1979 Tex. Gen. Laws 718–19 (repealed 1985)(current version at TEX. CIV. PRAC. & REM. CODE §§ 38.001–38.006 (1997)).

**3.** *Repealed, now see* TEX. INS.CODE art. 21.55, § 6 (Vernon Supp.2000).

**4.** *Repealed, now see* TEX. INS.CODE art. 21.55, § 6 (Vernon Supp.2000).

On its face, the statute is not ambiguous. It plainly provides that so long as the insurance contract is issued by an insurer subject to the provisions of the Texas Insurance Code, Article 3.62, Article 3.62–1, Chapter 9, Article 21.21, or Article 21.21–2, attorney's fees are not available in an action asserting breach of the written insurance contract. Maryland Lloyds being such a carrier, the statute on its face precludes the award of attorney's fees. Any confusion has been injected by the judiciary's application, not by the Legislature's writing.

## II

The Fifth Circuit, in attempting to interpret the statute, has generally held that attorney's fees cannot be recovered against the listed types of insurance companies. *See Lafarge Corp. v. Hartford Cas. Ins. Co.*, 61 F.3d 389, 402–03 (5th Cir.1995); *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 975 F.2d 1130, 1133 (5th Cir.1992); *see also Reynolds v. Allstate Ins. Co.*, 633 F.2d 1208, 1209 (5th Cir.1981)(reaching same result under Art. 2226). But one case seems to be contrary. *See Gulf Chem. & Metallurgical Corp. v. Associated Metals & Minerals Corp.*, 1 F.3d 365, 373 (5th Cir.1993)(holding that chapter 38 permits an insured to recover attorney fees from the insurer).

The Fifth Circuit's holdings in *Bituminous* and *Lafarge* are based on our language in *Dairyland County Mutual Insurance Company v. Childress*, 650 S.W.2d 770 (Tex.1983). *Dairyland* required us to decide whether a county mutual insurance company was obliged to pay attorney's fees to its insured. Because county mutual insurance companies were not at the time covered by the enumerated provisions of the Insurance Code, we concluded that

Dairyland was not exempt from the provisions of Article 2226. Thus, attorney's fees were recoverable under the statute. *See id.* at 175–76 (citing TEX. INS.CODE art. 17.22).[5] In reaching this decision, we noted that the statute did not apply to the contracts of those types of insurers identified in the statute. *Dairyland*, 650 S.W.2d at 775. The Fifth Circuit has read *Dairyland* to imply "that an insurer who falls within the provisions of section 38.006 is exempt from the payment of attorney's fees and that only those insurers who do not qualify for the exemption are subject to the payment of attorney's fees." *Bituminous Cas. Corp.*, 975 F.2d at 1133.

This seems to me to be a straightforward reading of *Dairyland*. But it is a reading of dicta, and it does not take into account *Dairyland*'s failure to discuss several earlier contrary decisions.[6] These cases held that the statutory exemption was intended only to exclude those claims for which attorney's fees were already recoverable under another Texas statute.

The first decision to read the statute narrowly was *Prudential Insurance Company of America v. Burke*, 614 S.W.2d 847, 850 (Tex.Civ.App.Texarkana), *writ ref'd n.r.e.*, 621 S.W.2d 596 (Tex.1981). There, the court of appeals reasoned as follows:

> ... in excluding contracts of insurance companies subject to [enumerated Insurance Code provisions], the purpose of Article 2226 was to exclude only those claims against insurance companies where attorney's fees were already available by virtue of other specific statutes, as they are in those which Article 2226 specifically mentions.

*Burke*, 614 S.W.2d at 850. In denying the application for writ of error in a per curiam opinion, we concluded that the court

5. This statute exempts county mutual insurance companies from the operation of all insurance laws except as otherwise provided. The Legislature amended this article to apply Article 21.21 to county mutual insurers, but the effective date of the amendment was after the occurrence litigated in *Dairyland*.

6. To be fair, *Dairyland* also did not cite one prior opinion which supported its conclusions. *See Standard Fire Ins. Co. v. Fraiman*, 588 S.W.2d 681, 685 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.).

of appeals had "correctly decided the case," but we did not discuss the award of attorney's fees. *Burke,* 621 S.W.2d at 597 (Tex.1981). Before *Dairyland,* two other courts of appeals had already followed *Burke. See Texas Farmers Ins. Co. v. Hernandez,* 649 S.W.2d 121, 124 (Tex. App.—Amarillo 1983, writ ref'd n.r.e.) and *Aetna Fire Underwriters Ins. Co. v. Southwestern Eng'g Co.,* 626 S.W.2d 99, 103 (Tex.Civ.App.-Beaumont 1981, writ ref'd n.r.e.). After *Dairyland,* two other courts of appeals ignored *Dairyland* and agreed with *Burke. See State Farm Mut. Auto. Ins. Co. v. Clark,* 694 S.W.2d 572, 574 (Tex.App.—Corpus Christi 1985, no writ); *Vanguard Ins. Co. v. McWilliams,* 680 S.W.2d 50, 52 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

This was the state of the law at the time the Legislature codified article 2226 into section 38 of the Civil Practice and Remedies Code. The Court concludes that because the Legislature codified this statute without substantial change, we must "presume that the Legislature has adopted the established judicial interpretation", 35 S.W.3d at 5, which must be that of *Burke.*

I must say that I find this conclusion very curious. First, our *Burke* per curiam never discusses the attorney's fee issue. The only relevant language in *Burke* is a cryptic conclusion that the court of appeals had "correctly decided the case." If this clause were so authoritative, why didn't it bind us (or even give us pause) two years later, when we decided *Dairyland?* And if even we missed *Burke's* significance in 1983, is it fair to say that the Legislature sufficiently realized its import in 1985 to be presumed to have adopted it?

The legislative acceptance doctrine, at least until today, has provided only that the "Legislature must be regarded as intending statutes, when repeatedly re-enacted ... to be given that interpretation which has been settled by the courts. (citations omitted)." *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182, 187

(Tex.1968)(quoting *Cunningham v. Cunningham,* 120 Tex. 491, 40 S.W.2d 46, 51 (1931)). In other words, an affirmance without discussion of an appellate opinion saying one thing (*Burke*) and dicta in another saying the opposite (*Dairyland*) would not seem to qualify as binding the Legislature to either proposition. And, if it is to do so now, why does the former case trump the latter one?

Second, an accepted tenet of the legislative acceptance doctrine is that the statute at issue be ambiguous. *See Fleming Foods of Texas, Inc. v. Rylander,* 6 S.W.3d 278, 282 (Tex.1999). Recently in the context of administrative law, we stated that the doctrine of legislative acceptance contemplates " '[a] statute of doubtful meaning that has been construed by the proper administrative officers, when re-enacted without any substantial change in verbiage, will ordinarily receive the same construction.' " *Id.* (quoting *Sharp v. House of Lloyd, Inc.,* 815 S.W.2d 245, 248 (Tex. 1991) (alteration in original)(quoting *Humble Oil & Ref. Co. v. Calvert,* 414 S.W.2d 172, 180 (Tex.1967))). But as I have discussed, the statute is not ambiguous.

### III

The Court also holds that, whatever the plain meaning of the statute might be, stare decisis requires us to follow *Burke* and ignore *Dairyland* because that is what most courts (other than the Fifth Circuit) have done over the past twenty years. I concede that our courts of appeals have consistently followed this approach for many years, as the Court recites. 35 S.W.3d at 5. But only two of these cases, both of them fairly recent, even mention *Dairyland. See Texas Property & Cas. Ins. Guar. Ass'n v. Southwest Aggregates, Inc.,* 982 S.W.2d 600, 612 (Tex.App.—Austin 1998, no pet.); *Whitehead v. State Farm Mut. Auto. Ins. Co.,* 952 S.W.2d 79, 88 (Tex.App.—Texarkana 1997), *rev'd on other grounds,* 988 S.W.2d 744 (Tex.1999).

The Court is on stronger ground in observing that we also ignored *Dairyland* in applying the attorney's fee statute to an insurance carrier in 1987, writing that section 38.001 "provides that a person may recover reasonable attorney's fees if the claim is for an oral or written contract." *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 667 (Tex.1987). While *Barnett* did not mention either the court of appeals' opinion or our per curiam in *Burke*, it did cite to one of *Burke*'s progeny. *Id.* (citing *Texas Farmers Ins. Co. v. Hernandez*, 649 S.W.2d 121, 124 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.)). Far from being dispositive, however, *Barnett* did not explore the attorney's fees issue and did not mention the apparent exception found in section 38.006.

In two other cases since *Barnett*, we have indicated our apparent approval for using the attorney's fee statute against an insurance carrier. *See Maryland Ins. Co. v. Head Indus. Coatings & Servs., Inc.*, 938 S.W.2d 27, 29 (Tex.1996)(holding that the insured was entitled to "prejudgment and postjudgment interest, and attorney fees as found by the jury"); *Chitsey v. National Lloyd's Ins. Co.*, 698 S.W.2d 766 (Tex.App.—Austin 1985), *aff'd*, 738 S.W.2d 641 (Tex.1987)(affirming court of appeals' judgment awarding attorney's fees against insurance carrier under the *Burke* rationale). In neither case did the insurance carrier complain to us about the award of attorney's fees, however, and we affirmed each award without mentioning the statute. Additionally, five JUSTICES of the Court in two separate opinions have assumed without analysis that an insurance carrier must pay the insured's reasonable attorney's fees in a breach of contract action. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 60 (Tex.1997)(HECHT, J., concurring); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 286 (Tex.1994)(CORNYN, J., concurring and dissenting). But the Court has also more recently stated in dicta that section 38.001 does not apply to "insurance contracts subject to article 21.21 of the Texas Insurance Code." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex.1996).

To be kind, as our appellate courts often try to be in speaking of us, "the language from the … supreme court opinions applying or interpreting section 38 is not entirely consistent." *Southwest Aggregates*, 982 S.W.2d at 615. To be less kind, as a dissenting justice is entitled to be, I believe that two decades of judicial commentary on this statute has left its meaning still unsettled. In these circumstances, I would interpret the law as a matter of first impression. After all, if there were binding precedent, the Fifth Circuit would have applied it without troubling us.

## IV

Even though I believe the text of the statute to be clear, I recognize that we should go beyond the plain language of a statute when it contradicts clear legislative intent and creates ambiguities in the context of a legislative scheme. For example, in *Bridgestone/Firestone, Inc. v. Glyn–Jones*, 878 S.W.2d 132, 134 (Tex.1994), we interpreted a provision in the seat belt law providing that the "[u]se or non-use of a safety belt is not admissible evidence in a civil trial." On its face, this language would appear to preclude an action against the manufacturers of seat belts. It was apparent from the legislative history, however, that the statute was not intended to protect seat belt manufacturers from liability for claims by plaintiffs alleging injury from defective restraint systems. Instead, the Legislature's purpose was to prevent other defendants from defeating otherwise meritorious claims by securing a large comparative negligence finding against a plaintiff who had not been using a seat belt at the time of injury. In contrast, the legislative history of this statute shows that the Legislature intended to exclude insurance contracts issued by insurers like Maryland Lloyds from the statute. The Committee on Judiciary Bill

Analysis of House Bill 452 analyzed this exception as follows:

\* \* \*

*What the Bill Proposes to Do:* H.B. 452 proposes to amend Art. 2226, to allow recovery of attorney's fees in suits on oral or written contracts, except in the case of *certain* insurance contracts.

HOUSE COMM. ON JUDICIARY, BILL ANALYSIS, Tex. H.B. 452, 65th Leg., R.S. (1977)(emphasis added). Further, the Group Bill Analysis of H.B. 452 explained the exception in some detail, stating that:

\* \* \*

The proposal to exclude certain insurance contracts and insurers from Article 2226 is an unwarranted grant of immunity from liability for attorney's fees. They should pay, like everyone else, when they lose.

COMMENTARY: 1)

\* \* \*

4) HB 452 *excludes from coverage* those contracts issued by insurers subject to the Unfair Claim Settlement Practices Act. In general, this includes such lines as accident and sickness, motor vehicles, casualty, prepaid legal services, fire, lightning, wind storms, hail, inland marine, rain, home warranty, and fidelity, surety and guaranty bonds.

5) *It is worth noting* that the Uniform Claim Settlement Practices Act does not give individual policyholders any remedy for delayed or inadequate settlement of claims, much less attorney's fees. Instead, the Act gives the State Board of Insurance authority to deal with insurers which frequently engage in certain practices. Thus, under HB 452, persons will not be able to recover Article 2226 attorney's fees against this large class of insurers. (Under Insurance Code § 3.62 and § 3.62–1, a policyholder

can recover attorney's fees in a case involving a life, health or accident policy.)

6) As written, the bill also excludes entirely from the provisions of 2226 various companies issuing life, health or accident policies. Presumably, then, such companies could not take advantage of the provisions of 2226 for recovering attorney's fees in their own lawsuits.

GROUP BILL ANALYSIS, Tex. H.B. 452, 65th Leg., R.S.(1977)(emphasis in original).

Grapevine asserts that the statute intended to limit the exclusion by type of claim rather than by type of insurance carrier. Grapevine submits that the Legislature's overriding concern in enacting the attorney's fees statute was to facilitate access to the courts for those parties who might otherwise not have the means to retain an attorney to prosecute their claim. The only purpose for the exemption, Grapevine claims, was to prevent "overlapping coverage" with other statutes authorizing attorney's fees against insurers. To support its argument, Grapevine relies on the sentence preceding the Commentary quoted above and another part of the Group Bill Analysis which digests the benefits expected from the amendment to the statute:

DIGEST: Article 2226, Revised Civil Statues, allows recovery of attorney's fees (in addition to the basic claim) for certain limited kinds of lawsuits. HB 452 expands Article 2226 so that reasonable attorney's fees may be recovered in all suits founded on oral or written contracts. The bill also exempts certain insurance contracts and certain insurers from all provisions of the article.

PRO: Expanding the recovery of attorney's fees would serve the ends of justice. Generally, the winner in a lawsuit cannot make the loser pay attorney's fees, unless there is a specific authorization in the law or a contract with that provision. Many times a person with a

valid, but small, claim will not bother to go to court because the lawyer's fees are almost as much as the possible proceeds of the suit, sometimes more.

Even in a lawsuit involving a lot of money, the losing party in effect prevents the winner from getting the full amount, because the winner must pay this attorney.

Either way, it's not right for a person to be deprived of his full damages from a wrongdoer.

HB 452 is a minor extension of Article 2226, which already allows attorney's fees for valid claims against a person or corporation for services rendered, labor done and several other causes. Further, many written contracts already contain provisions for attorney's fees. And several other Texas laws permit recovery of fees.

In some foreign countries, the winner in every lawsuit receives attorney's fees from the loser. These laws have proved workable.

*This bill excludes certain insurance contracts and certain insurers to prevent overlapping coverage of other statutes relating to attorney's fees.*

GROUP BILL ANALYSIS, Tex. H.B. 452, 65 th Legislature, R.S. (1977)(emphasis added).

Taken as a whole, it is clear that the Legislature intentionally omitted certain insurance companies from the scope of section 38. While some legislators may have supported this for an unnecessary reason, i.e., to prevent a double recovery where none would have occurred anyway, there is no doubt that those insurance companies were excluded. This is not a situation, like *Bridgestone*, where the literal words of the statute caused an absurd result never contemplated or considered by the Legislature at the time of passage.

\* \* \*

Because the plain language of the statute exempts from liability for attorney's fees those insurers, like Maryland Lloyds,

who are subject to the enumerated provisions, I would answer "No" to the question certified by the Fifth Circuit. Because the Court holds to the contrary, I respectfully dissent.