# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00621-CV

**Allstate Insurance Company, Allstate Indemnity Company and
Allstate Property & Casualty Insurance Company, Appellants**

**v.**

**Cevia Fleming, Individually and on behalf of other persons
similarly situated, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
## NO. GN303879, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Cevia Fleming and a class of similarly-situated individuals (collectively, "Fleming") sued their auto insurer, appellees Allstate and related entities (collectively, "Allstate,") for illegally charging Fleming an automobile theft prevention fee ("ATP fee") in addition to the insurance rate set by the Commissioner of Insurance ("Commissioner"). Fleming bases her claim on our recent opinion construing the same statutes and facts. *See* Tex. Ins. Code Ann. art. 21.35B (West Supp. 2004-05); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 647 (Tex. App.—Austin 2004, pet. filed).

Before addressing the class certification question, the parties filed cross-motions for summary judgment regarding Allstate's liability on Fleming's individual claim. Allstate appeals the

district court's partial summary judgment for Fleming and asks us in this interlocutory appeal to reconsider *Liberty Mutual*. Because Allstate does not advance any new, compelling arguments in favor of overturning *Liberty Mutual*, we decline to disturb the conclusion we reached in this binding precedent and affirm the partial summary judgment of the district court.

## BACKGROUND

Insurers are required to pay a one-dollar ATP fee per insured vehicle per year to the Texas Automobile Theft Prevention Authority, whose mission is to assess the scope of the automobile theft problem in Texas and to analyze various methods of combating the problem. *See* Tex. Rev. Civ. Stat. Ann. art. 4413(37), §§ 7, 10(b) (West Supp. 2004-05). The Commissioner permits regulated automobile insurers to recoup the ATP fee from its policyholders and requires the insurer to publish a notice on policies that the fee is charged "in addition to the premium due." 28 Tex. Admin. Code § 5.205(a) (2005). However, insurers may not assess the ATP fee in addition to the article 5.101 rate set for the insurer by the Commissioner; rather the ATP fee is one of the factors considered by the Commissioner when setting the insurance rate and is already included in that rate. Tex. Ins. Code Ann. art. 21.35B (West Supp. 2004-05); *Liberty Mut. Ins. Co.*, 150 S.W.3d at 647; *Mid-Century Ins. Co. of Texas v. Ademaj*, No. 12-03-00028-CV, 2004 Tex. App. LEXIS 10627, at *20 (Tex. App.—Tyler November 24, 2004, pet. filed); *see also Service Life & Cas. Ins. Co. v. Montemayor*, 150 S.W.3d 649, 652-53 (Tex. App.—Austin 2004, pet. filed).

The underlying suit in this case is a class action brought by Fleming against her automobile insurer, Allstate, for charging the ATP fee as a separate line item in addition to her stated policy rate, which already includes the ATP fee. *See Liberty Mut. Ins. Co.*, 150 S.W.3d at 647; *Mid-*

2

*Century Ins. Co.*, 2004 Tex. App. LEXIS 10627, at *20. Allstate admitted that the issues and relevant facts of this case are the same as those we decided in *Liberty Mutual*. The district court granted Fleming's motion for partial summary judgment and held as a matter of law that Allstate may not lawfully charge Fleming the ATP fee as a separate itemized fee in addition to the insurance code article 5.101 rate set by the Commissioner. This appeal followed.

### DISCUSSION

Allstate challenges the conclusion reached in *Liberty Mutual* as erroneous and unconstitutional. *See Liberty Mut. Ins. Co.*, 150 S.W.3d at 647. Allstate alleges in its first issue that it is permitted to charge the ATP fee as a "pass through" line item in addition to the rate set by the Commissioner. Because Allstate does not advance any new grounds for this proposition, we follow the principles articulated in the binding precedent for this case and decline to disturb the conclusion reached in *Liberty Mutual*. *See Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000).[1] We overrule Allstate's first issue.

In its second issue, Allstate asserts that *Liberty Mutual* reached an unconstitutional result because it is impermissibly prohibited from passing on to the policyholder the expense of a tax and because this Court engaged in impermissible insurance ratemaking. In *Liberty Mutual*, we noted that our conclusion was consistent with *American Alliance Ins. Co. v. Board of Ins. Comm'rs*, 126 S.W.2d 741 (Tex. Civ. App.—Austin 1939, writ ref'd), the case Allstate cites for this issue and

---

[1] "Stare decisis has its greatest force in statutory construction cases. Adhering to precedent fosters efficiency, fairness, and legitimacy. More practically, it results in predictability in the law, which allows people to rationally order their conduct and affairs." *Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000).

we do not revisit this argument. *See Liberty Mut. Ins. Co.*, 150 S.W.3d at 647. Furthermore, it is the proper province of the courts to declare whether an insurance charge comports with the law; such a declaration is not judicial ratemaking. *See Railroad Comm'n v. Houston Chamber of Commerce*, 78 S.W.2d 591, 595 (Tex. 1935); *Daniel v. Tyrrell & Garth Inv. Co.*, 93 S.W.2d 372, 375-376 (Tex. 1936); *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no pet.). We overrule Allstate's second issue.

## CONCLUSION

We overrule the two issues Allstate has brought on appeal and affirm the judgment of the district court.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 29, 2005

4