TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00621-CV




Allstate Insurance Company, Allstate Indemnity Company and
Allstate Property & Casualty Insurance Company, Appellants

v.

Cevia Fleming, Individually and on behalf of other persons 
similarly situated, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. GN303879, HONORABLE PATRICK O. KEEL, JUDGE PRESIDING


 
M E M O R A N D U M O P I N I O N

                        Appellants Cevia Fleming and a class of similarly-situated individuals (collectively,
“Fleming”) sued their auto insurer, appellees Allstate and related entities (collectively, “Allstate,”)
for illegally charging Fleming an automobile theft prevention fee (“ATP fee”) in addition to the
insurance rate set by the Commissioner of Insurance (“Commissioner”). Fleming bases her claim
on our recent opinion construing the same statutes and facts. See Tex. Ins. Code Ann. art. 21.35B
(West Supp. 2004-05); Liberty Mut. Ins. Co. v. Griesing, 150 S.W.3d 640, 647 (Tex. App.—Austin
2004, pet. filed). 
                        Before addressing the class certification question, the parties filed cross-motions for
summary judgment regarding Allstate’s liability on Fleming’s individual claim. Allstate appeals the
district court’s partial summary judgment for Fleming and asks us in this interlocutory appeal to
reconsider Liberty Mutual. Because Allstate does not advance any new, compelling arguments in
favor of overturning Liberty Mutual, we decline to disturb the conclusion we reached in this binding
precedent and affirm the partial summary judgment of the district court.

BACKGROUND
                        Insurers are required to pay a one-dollar ATP fee per insured vehicle per year to the
Texas Automobile Theft Prevention Authority, whose mission is to assess the scope of the
automobile theft problem in Texas and to analyze various methods of combating the problem. See
Tex. Rev. Civ. Stat. Ann. art. 4413(37), §§ 7, 10(b) (West Supp. 2004-05). The Commissioner
permits regulated automobile insurers to recoup the ATP fee from its policyholders and requires the
insurer to publish a notice on policies that the fee is charged “in addition to the premium due.” 28
Tex. Admin. Code § 5.205(a) (2005). However, insurers may not assess the ATP fee in addition to
the article 5.101 rate set for the insurer by the Commissioner; rather the ATP fee is one of the factors
considered by the Commissioner when setting the insurance rate and is already included in that rate. 
Tex. Ins. Code Ann. art. 21.35B (West Supp. 2004-05); Liberty Mut. Ins. Co., 150 S.W.3d at 647;
Mid-Century Ins. Co. of Texas v. Ademaj, No. 12-03-00028-CV, 2004 Tex. App. LEXIS 10627, at
*20 (Tex. App.—Tyler November 24, 2004, pet. filed); see also Service Life & Cas. Ins. Co. v.
Montemayor, 150 S.W.3d 649, 652-53 (Tex. App.—Austin 2004, pet. filed).
                        The underlying suit in this case is a class action brought by Fleming against her
automobile insurer, Allstate, for charging the ATP fee as a separate line item in addition to her stated
policy rate, which already includes the ATP fee. See Liberty Mut. Ins. Co., 150 S.W.3d at 647; Mid-Century Ins. Co., 2004 Tex. App. LEXIS 10627, at *20. Allstate admitted that the issues and
relevant facts of this case are the same as those we decided in Liberty Mutual. The district court
granted Fleming’s motion for partial summary judgment and held as a matter of law that Allstate
may not lawfully charge Fleming the ATP fee as a separate itemized fee in addition to the insurance
code article 5.101 rate set by the Commissioner. This appeal followed.

DISCUSSION
                        Allstate challenges the conclusion reached in Liberty Mutual as erroneous and
unconstitutional. See Liberty Mut. Ins. Co., 150 S.W.3d at 647. Allstate alleges in its first issue that
it is permitted to charge the ATP fee as a “pass through” line item in addition to the rate set by the
Commissioner. Because Allstate does not advance any new grounds for this proposition, we follow
the principles articulated in the binding precedent for this case and decline to disturb the conclusion
reached in Liberty Mutual. See Grapevine Excavation, Inc. v. Maryland Lloyds, 35 S.W.3d 1, 5
(Tex. 2000).


 We overrule Allstate’s first issue.
                        In its second issue, Allstate asserts that Liberty Mutual reached an unconstitutional
result because it is impermissibly prohibited from passing on to the policyholder the expense of a
tax and because this Court engaged in impermissible insurance ratemaking. In Liberty Mutual, we
noted that our conclusion was consistent with American Alliance Ins. Co. v. Board of Ins. Comm’rs,
126 S.W.2d 741 (Tex. Civ. App.—Austin 1939, writ ref’d), the case Allstate cites for this issue and
we do not revisit this argument. See Liberty Mut. Ins. Co., 150 S.W.3d at 647. Furthermore, it is
the proper province of the courts to declare whether an insurance charge comports with the law; such
a declaration is not judicial ratemaking. See Railroad Comm’n v. Houston Chamber of Commerce,
78 S.W.2d 591, 595 (Tex. 1935); Daniel v. Tyrrell & Garth Inv. Co., 93 S.W.2d 372, 375-376 (Tex.
1936); Beacon Nat’l Ins. Co. v. Montemayor, 86 S.W.3d 260, 267 (Tex. App.—Austin 2002, no
pet.). We overrule Allstate’s second issue.

CONCLUSION
                        We overrule the two issues Allstate has brought on appeal and affirm the judgment
of the district court.
 
 
                                                                                                                                                            
W. Kenneth Law, Chief Justice
Before Chief Justice Law, Justices Patterson and Puryear
Affirmed
Filed: June 29, 2005