PER CURIAM.
 

 In this case we consider whether.an uninsured motorist policy provision covers damages sustained by the insured’s survivors when a passenger in another vehicle shot and killed the insured while he was driving his vehicle. After a bench trial, the trial court held that the policy provided uninsured motorist benefits. The court of appeals affirmed.
 
 [1]
 
 We reverse and render judgment that the plaintiffs take nothing.
 

 
 *745
 
 The underlying facts are largely undisputed. Kevin Hawkins was riding in a van driven by his brother, Howard Hawkins, Jr., when he saw a passenger in a pickup truck with whom he believed he had quarreled earlier in the evening. As the van pulled alongside the pickup, Kevin pointed a pistol at the pickup and fired several shots. Brent Taylor, the driver of the pickup, was shot and killed. The pickup then went out of control and struck a bridge stanchion. Star-lette Whitehead, a passenger in the pickup, was injured in the crash.
 

 Taylor’s mother, Whitehead, and Whitehead’s parents sued Howard Hawkins, Sr., the owner of the van, Howard Hawkins, Jr., the driver, Kevin Hawkins, the shooter, Damon Wright, a passenger in the van, and State Farm. State Farm insured both Hawkins, Sr. and Taylor. The claims against State Farm, which were severed, were based on a policy issued by State Farm to Taylor that provided uninsured motorist coverage to occupants of Taylor’s pickup. The claims against the Hawkinses were tried to the bench. The trial court entered a $2.5 million judgment against the Hawkinses. Taylor and Whitehead then proceeded on their claims against State Farm.
 

 After a bench trial, the trial court awarded uninsured motorist benefits to Taylor and Whitehead, but refused to award attorney’s fees. The court of appeals affirmed the benefits award, but reversed and remanded the attorney’s fees claim. State Farm filed a petition for review with this Court. State Farm appeals both the finding of liability under the policy and the attorney’s fees award.
 

 The policy states that State Farm “will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.” It further states that liability “must arise out of the ownership, maintenance or use of the uninsured motor vehicle.”
 

 Citing
 
 Collier v. Employers National Insurance Co.,
 

 [2]
 

 State Farm claims that “use” refers to use of the vehicle as a vehicle. The purpose of such policies, State Farm argues, is to protect against auto accidents, not against criminal or intentional acts that have a mere incidental relationship to the vehicle.
 

 We have had the opportunity to construe such language in automobile insurance policies before. In
 
 National Union Fire Insurance Co. v. Merchants Fast Motor Lines, Inc.,
 
 we held that “the mere fact that an automobile is the situs of the accident is not enough to establish the necessary nexus between the use and the accident to warrant the conclusion that the accident resulted from such use.”
 
 [3]
 
 Thus, when the injury complained of is purely incidental to the use of a vehicle, this nexus is not shown and the policy does not provide coverage.
 

 Here, the injuries Taylor and Whitehead sustained did not result from the “use” of the vehicle, as that term is contemplated in the policy. The shooting was an independent and intentional act not intended to be covered by the policy. “Use” of the vehicle was incidental to the shooting.
 

 Because we find that there is no coverage under the policy, it is not necessary for us to address the attorney’s fees issue. We grant State Farm’s petition and, without hearing oral argument, we reverse the court of appeals’ judgment and render judgment for State Farm.
 
 [4]
 

 Justice HANKINSON did not participate in the decision.
 

 [1]
 

 . 952 S.W.2d 79.
 

 [2]
 

 . 861 S.W.2d 286 (Tex.App.—Houston [14 th Dist.] 1993, writ denied).
 

 [3]
 

 . 939 S.W.2d 139, 142 (Tex.1997).
 

 [4]
 

 .
 
 See
 
 Tex.R.App. P. 59.1.