Appeal Reverse and Remand; Opinion Filed December 14, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00246-CV

## HOME STATE COUNTY MUTUAL INSURANCE COMPANY AND SAFECO, Appellants

### V.

## DALBERT BINNING AND ARLENE SMALL, Appellees

On Appeal from the 101st Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-09-14677-E

## OPINION

Before Justices Bridges, Richter, and Lang
Opinion by Justice Richter

Home State County Mutual Insurance Company ("Home State") brings this interlocutory appeal from the trial court's denial of a motion for partial summary judgment. Home State raises a single issue in this Court, contending an uninsured motorist policy provision does not cover damages sustained by the insured when a

1

passenger from another vehicle assaulted the insured after a minor rear-end collision. We agree with Home State. Accordingly, we reverse the trial court's order and remand this case to the trial court.

I.

Dalbert Benning ("Benning")[1] and Arlene Small ("Small") are husband and wife. Benning and Small were traveling together in Dallas, Texas on December 22, 2007 in a vehicle owned by Small. Benning was driving and waiting to pull into a parking space in a convenience store parking lot when Small's vehicle was struck in the rear by another vehicle. After Benning pulled into the parking space, he was attacked by an occupant of the vehicle that had hit them while he was trying to exit Small's vehicle. Benning was struck on the head with a pistol which caused him to slump against the steering wheel and ultimately fall out of the vehicle and onto the ground. As Benning fell to the ground, he kicked the door closed and told Small to lock the doors. Small complied, took the keys out of the ignition, and called 911. The attacker tried to open the driver's side door several times but was unsuccessful. When the attacker heard the sirens, he returned to the vehicle in which he arrived, and fled the scene. Though the police gave chase, they were unable to apprehend Benning's attacker. It was later determined by the police that the

---

[1] Dalbert Benning was incorrectly named in Plaintiff's Original Petition and subsequent pleadings as Dalbert *Binning*.

same vehicle was used in a robbery at a convenience store three days after Benning's assault.

Benning and Small brought suit against Home State County Mutual Insurance Company ("Home State") and Safeco General Agency, Inc. ("Safeco") for failure to pay their claim for uninsured/underinsured motorist ("UM/UIM") benefits under their automobile policy issued by Home State and allegedly underwritten by Safeco. Home State and Safeco filed a Motion for Partial Summary Judgment on all claims relating to any injuries or damages that arose out of the assault and other events which transpired after the collision. The trial court denied the motion without giving a reasoned opinion. And now, all parties have filed an Agreed Motion for Interlocutory Appeal.

## II.

In a single point of error, Home State contends that pursuant to Texas law, the UM/UIM provision in Home State's policy does not provide coverage for the injuries and damages suffered by Benning as a result of the assault committed against him after being involved in a rear-end collision.

The standard of reviewing a traditional motion for summary judgment is well established. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Summary judgment is properly granted when the movant established there are no genuine issues of material fact and it is entitled to judgment as a matter of

3

law. *Nixon*, 690 S.W.2d at 548. When deciding if a disputed material fact issue precluding summary judgment exists, evidence favorable to the non-movant will be taken as true. *Id.* at 548-49. All reasonable doubts must be resolved in favor of the non-movant and all reasonable inferences must be indulged in its favor. *Id.* at 549. We review the summary judgment de novo to determine whether Home State's right to prevail is established as a matter of law. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Jewelry Mfrs. Exch. v. Tafoya*, 374 S.W.3d 639, 641 (Tex. App.— Dallas 2012, pet. denied).

> The Home State policy states in pertinent part:
>
> A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:
>     1. Bodily injury sustained by an insured and caused by an accident; or
>     2. Property damage caused by an accident.
> The owner's or operator's liability for these damages *must arise out of* the ownership, maintenance or use of the uninsured motor vehicle. (emphasis added)

The parties' sole dispute concerning the applicability of this provision is over whether Benning's injuries were caused by an accident arising out of the use of the uninsured vehicle.

For liability to "arise out of" the use of a vehicle, a causal connection or relation must exist between the accident or injury and the use of the motor vehicle. *Mid-Century*

4

*Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999). When determining whether damages arise out of the use of an uninsured motor vehicle, we consider the following three factors: (1) The accident must have arisen out of the inherent nature of the automobile, as such; (2) The accident must have arisen within the natural territorial limits of the automobile, and the actual use, loading, or unloading must not have terminated; and (3) The automobile must not merely contribute to cause the condition which produces the injury, but must itself produce the injury. *Lancer Ins. Co. v. Garcia Holiday Tours*, 345 S.W.3d 50, 56 (Tex. 2011). While these factors are not an absolute test, they are "helpful in focusing the analysis" of the coverage questions. *Id.* at 55.

Benning contends his injuries arose out of the use of a motor vehicle by a putative carjacker. It is undisputed the unknown assailant rear-ended the vehicle driven by Benning. It is also undisputed Benning was assaulted when attempting to exit the vehicle he was driving. Benning claims that "but for" the initial collision, he would have stayed in his car and not have been exiting his vehicle to exchange information with the driver which put him in the position to be assaulted by the assailant. We disagree. It is undisputed that Benning was waiting to pull into a parking space at a convenience store when the collision occurred, thus, he would have been in the same position when exiting his vehicle to enter the store. In this situation, the assault involved the vehicle only incidentally. The assailant could have been standing in the convenience store parking lot and accomplished the same result. *See State Farm Mut. Auto. Ins. Co. v. Whitehead*, 988

5

S.W.2d 744, 745 (1999) (finding "[t]he shooting was an independent and intentional act not intended to be covered by the policy."); *Lindsey*, 997 S.W.2d at 158 ("A drive-by shooting involves a vehicle only incidentally" when the shooter could be standing still and accomplish the same result). Benning's physical injuries were not caused by the vehicle itself; they were caused by the assailant assaulting Benning with a pistol. *See Le v. Farmer's Tex. County Mut. Ins. Co.*, 936 S.W.2d 317, 321 (Tex. App.—Houston [1st Dist.] 1996, pet. denied) ("The gun was the instrumentality that caused Tuan Le's injuries, not the car.").

Benning claims the "facts clearly establish" the animus of the assault was to obtain possession of Benning's vehicle as opposed to a personal assault. Since the assailant left the scene and was not caught, the animus of the assault may only be inferred. Benning contends other states have found injuries arising out of the use of a vehicle when carjacking was the motive for an assault. However, the facts in this case do not resemble the facts of the carjacking cases. *See Pohlod v. New Jersey Mfrs. Ins. Co.*, No. A-0616-05T3, 2007 WL 92821, *1 (N.J. Super. App. Div. Jan. 11, 2007) (after assault, assailant fled the scene with the vehicle); *Carrigan v. State Farm Mut. Auto. Ins. Co.*, 949 P.2d 705, 707 (Or. 1997) (assailant sought ride with victim and when victim refused, assailant shot victim then drove away in victim's vehicle); *State Farm Mut. Auto. Ins. Co. v. Barth*, 579 So. 2d 154, 155 (Fla. Dist. Ct. App. 1991) (attacker entered victim's vehicle and told her to "Drive, bitch." when victim failed to comply, she was beaten and left behind);

6

*Meric v. Mid-Century Ins. Co.*, 343 N.W.2d 688, 689 (Minn. Ct. App. 1984) (after shooting the victim, robber fled in the vehicle). While this may be the law in these other states, Benning fails to provide us with any Texas law in support of his argument. Further, Benning's facts do not show the assailant asked for the vehicle, asked to be driven in the vehicle, or took the vehicle. It is clear that the automobile in question never produced the injury itself. Rather, it was the assault that produced the injury to Benning and therefore not covered by the policy of insurance.

### III.

Accordingly, we reverse the trial court's denial of Home State's motion for partial summary judgment against Benning and this case is remanded to the trial court for further proceedings consistent with this opinion.

MARTIN RICHTER
JUSTICE

120246F.P05

7



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HOME STATE COUNTY MUTUAL
INSURANCE COMPANY AND
SAFECO, Appellants

No. 05-12-00246-CV     V.

DALBERT BINNING AND ARLENE
SMALL, Appellees

Appeal from the 101st Judicial District
Court of Dallas County, Texas
(Trial Court No. DC-09-14677-E).
Opinion delivered by Justice Richter,
Justices Bridges and Lang participating.

    In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for new trial. It is **ORDERED** that appellants HOME STATE COUNTY MUTUAL INSURANCE COMPANY AND SAFECO recover their costs of this appeal from appellees DALBERT BINNING AND ARLENE SMALL.

Judgment entered December 14, 2012.

MARTIN RICHTER
JUSTICE